IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>    Plaintiff,<br>vs.<br><br>LAWRENCEVILLE POLICE DEPARTMENT and DETECTIVE T. ASHLEY, as an Individual,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>NO. 1:10-CV-0455 |

## DEFENDANTS THE LAWRENCEVILLE POLICE DEPARTMENT AND DETECTIVE T. ASHLEY'S ANSWER TO PLAINTIFF'S COMPLAINT

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against the named defendants upon which relief may be granted and should in all things be dismissed.

### SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of governmental or sovereign immunity (barring all State law claims) and Eleventh Amendment Immunity (barring all Federal claims).

### THIRD DEFENSE

Qualified immunity protects Defendants from liability as to all federal law claims against them, because at all times relevant hereto, Detective Ashley was

acting within his discretionary authority as a law enforcement officer and he did not violate clearly established law.

## FOURTH DEFENSE

Official immunity protects Detective Ashley in his individual capacity from any and all state law claims because, at all times relevant hereto, he was acting within his discretionary authority as a law enforcement officer, and performing discretionary acts, without malice or intent to injure.

## FIFTH DEFENSE

Defendants deny that any act or omission on their part caused injury or damage to plaintiff.

## SIXTH DEFENSE

The Plaintiff's Complaint is barred as a result of her failure to provide a timely ante-litem notice pursuant to O.C.G.A. § 36-33-5.

## SEVENTH DEFENSE

The negligence of the Plaintiff with respect to the occurrence at issue in this action was equal to or exceeded that alleged against Defendants, any negligence of Defendants being specifically denied.

## EIGHTH DEFENSE

Defendants have breached no duty owed to Plaintiff.

## NINTH DEFENSE

No act or omission of these Defendants proximately caused the occurrence at issue in this action or any damages alleged by the Plaintiff. Plaintiff's alleged injuries and damages were directly and proximately caused by her own criminal conduct, contributory and comparative negligence and her failure to exercise ordinary care.

## TENTH DEFENSE

The Plaintiff is not entitled to recover punitive damages of Defendants.

## ELEVENTH DEFENSE

The allegations set forth in this Complaint do not rise to the level of a constitutional deprivation under color of state law and therefore do not support a claim for relief under 42 U.S.C. § 1983.

## TWELFTH DEFENSE

Defendants' actions were legally authorized and privileged under Georgia law.

## THIRTEENTH DEFENSE

The City of Lawrenceville Police Department is not a legal entity subject to suit.

## **FOURTEENTH DEFENSE**

Without waiving any defense at law or in equity, these Defendants respond to the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendants can neither admit nor deny the allegation contained in ¶1 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶1 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

2.

Defendants deny the allegations contained in ¶2 of Plaintiff's Complaint.

3.

Defendants can neither admit nor deny the allegation contained in ¶3 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶3 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

4.

Defendant Ashley admits that, at all times relevant to this action, he was acting in his official capacity as a City of Lawrenceville Police Officer.

5.

Defendants can neither admit nor deny the allegation contained in ¶5 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶5 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

6.

Defendants can neither admit nor deny the allegation contained in ¶6 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶6 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

7.

Defendants can neither admit nor deny the allegation contained in ¶7 of

Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶7 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

8.

Defendants can neither admit nor deny the allegation contained in ¶8 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶8 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

9.

Defendants can neither admit nor denies the allegations contained in ¶9 of Plaintiff's Complaint for want of information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent that the allegations contained in ¶9 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

10.

Defendants can neither admit nor deny the allegation contained in ¶10 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶10 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

11.

Defendants admit that Defendant Ashley was dispatched to the scene and interviewed the customers and the store owner.

12.

Defendants deny the allegations contained in ¶12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in ¶13 of Plaintiff's Complaint.

14.

Defendants can neither admit nor deny the allegation contained in ¶14 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶14 of Plaintiff's Complaint raise an inference that the

Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

15.

Defendants deny the allegations contained in ¶15 of Plaintiff's Complaint.

16.

Defendants can neither admit nor deny the allegation contained in ¶16 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶16 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

17.

Defendants can neither admit nor deny the allegation contained in ¶17 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶17 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

18.

Defendants admit Defendant Ashley arrested the Plaintiff for Disorderly Conduct. Defendants deny the remainder of the allegations contained in ¶18 of Plaintiff's Complaint as pled.

19.

Defendants admit that Defendant Ashley was carrying his service revolver on his person at the time of the arrest. Defendants can neither admit nor deny the remaining allegations contained in ¶19 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶19 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

20.

Defendants can neither admit nor deny the allegations contained in ¶20 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same. To the extent the allegations contained within ¶20 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

21.

Defendants deny the allegations contained in ¶21 of Plaintiff's Complaint.

22.

Defendants deny the allegations contained in ¶22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in ¶23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in ¶24 of Plaintiff's Complaint.

25.

Defendants are without sufficient knowledge at this time to either admit or deny the allegations contained in ¶25 of Plaintiff's Complaint. To the extent that the allegations contained in ¶25 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

26.

Defendants are without sufficient knowledge to either admit or deny the allegations contained in ¶26 of Plaintiff's Complaint. To the extent the allegations contained in ¶26 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference

is denied.

27.

Defendants are without sufficient knowledge to either admit or deny the allegations contained in ¶27 of Plaintiff's Complaint. To the extent the allegations contained in ¶27 of Plaintiff's Complaint raise an inference that the Defendants acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

28.

[There were no allegations assigned to ¶28 contained in Plaintiff complaint]

29.

Defendants deny the allegations contained in ¶29 of Plaintiff's Complaint.

30.

Defendants hereby incorporate by reference their responses set forth in Paragraphs 1 through 29, above.

31.

Defendants deny the allegations contained in ¶31 of Plaintiff's Complaint.

32.

Defendants hereby incorporate by reference their responses set forth in Paragraphs 1 through 31, above.

33.

Defendants deny the allegations contained in ¶33 of Plaintiff's Complaint.

34.

Defendants deny the allegations contained in ¶34 of Plaintiff's Complaint.

35.

Defendants hereby incorporate by reference their responses set forth in Paragraphs 1 through 34, above.

36.

Defendants deny the allegations contained in ¶36 of Plaintiff's Complaint.

37.

Defendants hereby incorporate by reference their responses set forth in Paragraphs 1 through 36, above.

38.

Defendants deny the allegations contained in ¶38 of Plaintiff's Complaint.

39.

Defendants deny the allegations contained in ¶39 of Plaintiff's Complaint.

40.

Defendants deny the allegations contained in ¶40 of Plaintiff's Complaint.

41.

Defendants deny the allegations contained in ¶41 of Plaintiff's Complaint.

42.

Defendants deny the allegations contained in ¶42 of Plaintiff's Complaint.

43.

Defendants deny the allegations contained in ¶43 of Plaintiff's Complaint.

44.

Defendants deny the allegations contained in ¶44 of Plaintiff's Complaint.

45.

Defendants deny the allegations contained in ¶45 of Plaintiff's Complaint.

46.

Defendants deny the allegations contained in ¶46 of Plaintiff's Complaint.

47.

All other allegations and inferences contained elsewhere in Plaintiff's Complaint not expressly admitted are denied.

**WHEREFORE**, having fully answered, Defendants pray that:

(a) Plaintiff's Complaint be dismissed;

(b) judgment be entered in their favor;

(b) all costs be taxed against the Plaintiff;

(c) Defendants have any and all other relief the Court may deem just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

This 19th day of April, 2010.

            **SHIVERS & ASSOCIATES**

            /S/ **KENDRICK K. MCWILLIAMS**
            **KENDRICK K. MCWILLIAMS**
            Georgia Bar No. 140983
            Attorney for Defendants
            The City of Lawrenceville Police
            Department and Detective T. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Tel.: 678-317-7104
Fax: 678-317-8917
kmcwilli@travelers.com

## CERTIFICATION

Pursuant to ND Ga. LR 7.1D, I certify that this Pleading has been prepared with Times New Roman, 14 point, as approved by this Court in LR 5.1B.

Submitted this 19th day of April, 2010.

                                    **SHIVERS & ASSOCIATES**

                                    **/S/   KENDRICK K. MCWILLIAMS**
                                    **KENDRICK K. MCWILLIAMS**
                                    Georgia Bar No. 140983
                                    Attorney for Defendants
                                    The City of Lawrenceville Police
                                    Department and Detective T. Ashley

Caller Service No. 1808
Alpharetta, GA  30023-1808
Tel.: 678-317-7104
Fax: 678-317-8917
kmcwilli@travelers.com

IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>  Plaintiff,<br>vs.<br><br>LAWRENCEVILLE POLICE DEPARTMENT and DETECTIVE T. ASHLEY, as an Individual,<br><br>  Defendants. | CIVIL ACTION FILE NO.<br><br>NO. 1:10-CV-0455 |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DEFENDANTS THE CITY OF LAWRENCEVILLE POLICE AND DETECTIVE T. ASHLEY** upon all parties, by electronic filing through the CM/ECF system in accordance with the United States District Court rules to:

Robert D. Ortman, Esq.
PO Box 724263
Atlanta, GA 31139
robertortman123@gmail.com

**SIGNATURE ON NEXT PAGE**

This 19th day of April, 2010.

          **SHIVERS & ASSOCIATES**

          /S/ **KENDRICK K. MCWILLIAMS**
          **KENDRICK K. MCWILLIAMS**
          Georgia Bar No. 140983
          Attorney for Defendants
          The City of Lawrenceville Police
          Department and Detective T. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Tel.: 678-317-7104
Fax: 678-317-8917
kmcwilli@travelers.com