IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>    Plaintiff,<br>vs.<br><br>LAWRENCEVILLE POLICE<br>DEPARTMENT and DETECTIVE<br>T. ASHLEY, as an Individual,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>NO. 1:10-CV-0455 |

## RESPONSES TO INITIAL DISCLOSURES BY DEFENDANTS

COME NOW, The Lawrenceville Police Department and Detective T. Ashley, Defendants in the above-styled civil action, by and through their attorney, Kendrick K. McWilliams, and provides their responses to the Court's Initial Disclosures as follows:

(1) If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

    **The Defendants are properly named.**

(2) Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant

1

contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.

**The Defendants are unaware of any necessary parties to this action who have not been named.**

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by Defendant in the responsive pleading.

**On September 24, 2008 the Lawrenceville Police Department dispatched units to respond to a call regarding a fight in progress at the Chevron gas station located at 256 Hurricane Shoals Road. Detective T. Ashley approached the scene at the same time as Officer R. Cone. Upon Detective Ashley's arrival, a couple approached his vehicle. Mr. Leon Noble and Mrs. Nathalie Noble informed Detective Ashley that as they attempted to purchase gas, the pump flashed a message that they needed to see the clerk inside. Mr. Noble went inside to speak with the clerk, who was also the owner of the establishment, Plaintiff Drupatty Jaipersaud. The Plaintiff informed Mr. Noble that they were out of gas. Mr. Noble suggested that they place a sign near the pump or a bag over the pumps location so that people would know that there was no gas available. The Plaintiff responded by yelling at Mr. Noble calling him a "stupid nigger". The Plaintiff then approached Mr. Noble**

and slapped him on or about the hand and wrist area. Mrs. Noble informed the officers that she saw her husband backing away towards the door during the encounter with the Plaintiff.

Detective Ashley then went inside to speak with the Plaintiff and her husband. The Plaintiff informed Detective Ashley that she had done nothing wrong. Officer Cone then advised Detective Ashley that he had been out to this location on several calls regarding customer complaints that the Plaintiff had previously shouted racists comments at the customers and called the customers racist names.

This call was at least the third time that Officer Cone remembers having to respond to the location as a result of a patron complaining that they had been allegedly assaulted by the Plaintiff. On all three occasions that customers stayed outside and waited for the police to respond to the scene. On all three occasions the patrons complained that the clerk (Plaintiff) used racially derogatory terms towards them. On the prior calls the Plaintiff informed Officer Cone the he would be unable to view the videotape for reasons the officer could not recall.

The Plaintiff then stated it was Mr. Noble who had been yelling and called her and her husband "cooley". Mr. Jaipersaud informed Officer Cone that the remark is a racist term for someone from India.

Detective Ashley asked the Plaintiff to show him the video coverage for the past several minutes. The Plaintiff informed Detective Ashley that she couldn't pull the video up. Officer Wiemik attempted to work the video machine but was unsuccessful. The Plaintiff was asked how the machine could be accessed. She stated that her son knew how to operate the machine. Detective Ashley asked the Plaintiff to call her son and have him in route to the location. The Plaintiff became very upset and expressed to Detective Ashley that he could not come into her place of business and tell her what to do. The Plaintiff then walked up to Detective Ashley in an offensive manner shouting and waving her hands. Detective Ashley placed the Plaintiff under arrest for Disorderly Conduct and placed her in the back of Officer Carrier's patrol car. After Detective Ashley obtained the Plaintiff's information and wrote the citation, the Plaintiff informed Detective Ashley that she needed to use the restroom. Detective Ashley took the Plaintiff out of the patrol vehicle and escorted her inside to the bathroom and removed the handcuffs. The Plaintiff used the bathroom and then asked to use the telephone. Detective

**Ashley informed the Plaintiff that she would be allowed to use the phone at the jail. Detective Ashley again cuffed the Plaintiff, double locking the cuffs and placed her back in Officer Carrier's patrol vehicle without incident.**

**Plaintiff brought this claim against the Defendants for their actions in making the arrest.**

(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**O.C.G.A. §§: 36-33-5; 36-33-3; 36-33-4; 36-33-1; 51-1-20; 33-24-51. 42 USCA §§ 1983, 1985, and 1988.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)

**Please see Attachment A.**

(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying

the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**No such witness has been identified at this time. The Defendant does not anticipate calling an expert at this time.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

**Please see Attachment C.**

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)

**Defendant does not claim any damages.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Defendant does not make such a contention.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)

**Please see Attachment E.**

## CERTIFICATION

Pursuant to NDGa. LR 7.1D, I certify that this Memorandum has been prepared with Times New Roman, 14 point, as approved by this Court in LR 5.1B.

This 4th day of May, 2010.

**SIGNATURE ON NEXT PAGE**

**SHIVERS & ASSOCIATES**

/S/   Kendrick K. McWilliams
**KENDRICK K. MCWILLIAMS**
Georgia Bar No.  140983
Attorney for Defendants
The City of Lawrenceville Police
Department and Detective T. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Telephone: (678) 317-7104
Facsimile:  (678) 317-8917
kmcwilli@travelers.com

## **Attachment A**

1) Defendant Detective Ashley. Defendant Detective Ashley may be contacted through Kendrick K. McWilliams, Esquire.

2) Leon Noble – 352 Downing Street, Lawrenceville, Georgia 30045 (678) 373-1846

3) Nathalie Noble – 352 Downing Street, Lawrenceville, Georgia 30045 (678) 373-1846

4) Lawrenceville Police Officer R. Cone – employees of the Defendant Lawrenceville police department may be contacted through Kendrick K. McWilliams, Esquire.

5) Lawrenceville Police Officer C. Carrier – employees of the Defendant Lawrenceville police department may be contacted through Kendrick K. McWilliams, Esquire.

6) Lawrenceville Police Officer Wienik – employees of the Defendant Lawrenceville police department may be contacted through Kendrick K. McWilliams, Esquire.

7) Lawrenceville Police Officer Brian Welch – employees of the Defendant Lawrenceville police department may be contacted through Kendrick K. McWilliams, Esquire.

8) Plaintiff, Drupatty Jaipersaud.

## Attachment C

1. City of Lawrenceville Department Incident Report for arrest on September 24, 2008.

2. City of Lawrenceville Department Incident Report for July 20, 2008.

3. City of Lawrenceville Department Incident Report for August 22, 2008.

4. City of Lawrenceville Department Policies and Procedures.

5. City of Lawrenceville Department Arrest and Booking Records for Plaintiff.

6. Defendant reserves the right to supplement this list of documents upon completion of discovery.

## Attachment E

1) The applicable policy of insurance has been requested and will be provided upon its receipt.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>    Plaintiff,<br>vs.<br><br>LAWRENCEVILLE POLICE DEPARTMENT and DETECTIVE T. ASHLEY, as an Individual,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>NO. 1:10-CV-0455 |

I hereby certify that I have this day electronically submitted the foregoing **RESPONSES TO INITIAL DISCLOSURES BY DEFENDANTS** to the Clerk of the Court using the CM/ECF system which will automatically send electronic mail notification to the following attorneys of record in this case:

Robert D. Ortman, Esq.
PO Box 724263
Atlanta, GA 31139
robertortman123@gmail.com

This 4th day of May, 2010.

                                  **SHIVERS & ASSOCIATES**

                                  /S/    **KENDRICK K. MCWILLIAMS**
                                **KENDRICK K. MCWILLIAMS**
                                Georgia Bar No. 140983
                                Attorney for Defendants
                                The City of Lawrenceville Police
                                Department and Detective T. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Telephone: (678) 317-7104
Facsimile: (678) 317-8917
kmcwilli@travelers.com