IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>    Plaintiff,<br>vs.<br><br>LAWRENCEVILLE POLICE DEPARTMENT and DETECTIVE T. ASHLEY, as an Individual,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>NO. 1:10-CV-0455 |

### JOINT PRELIMINARY REPORT AND DISCOVERY PLAN BY PLAINTIFF AND DEFENDANTS

**1. Description of Case:**

(a) Describe briefly the nature of this action.

By Plaintiffs:

On September 24, 2008, during the gas crisis, Plaintiff Drupatty Jaipersaud was working at her Chevron gas station when an irate man entered the store and began yelling at her for not having gas. The man called the Plaintiff and her husband "coolies," a racist term. When he was told to leave, the man refused until Plaintiff picked up the phone and called the police. The police, including Detective Ashley, arrived and questioned the man who stated that Plaintiff had called him a "nigger" and "slapped him on

the wrist." Detective Ashley then entered the store and immediately blamed Plaintiff. Plaintiff professed her innocence and indicated that there was a surveillance video that would prove it. Detective Ashley told Plaintiff to bring up the video within the hour or be arrested. Unable to operate the machine, Plaintiff called her son who knew how it worked. When her son did not answer because he was in class, Plaintiff provided the manual to another officer who could not figure out how to work the machine. Detective Ashley then arrested her for disorderly conduct, later testifying under oath that the reason he arrested her is because he feared for his safety. Detective Ashley is a large, muscular male and was carrying a gun and Plaintiff is very small and was unarmed. Plaintiff was found 'not guilty,' and files this suit to challenge probable cause for the arrest and imprisonment of Plaintiff and Departmental policies, including but not limited to, arrest and ticket contests among its officers.

Defendants:

On September 24, 2008 the Lawrenceville Police Department dispatched units to respond to a call regarding a fight in progress at the Chevron gas station located at 256 Hurricane Shoals Road. Detective Timothy R. Ashley approached the scene at the same time as Officer R. Cone. Upon Detective

Ashley's arrival, a couple approached his vehicle. Mr. Leon Noble and Mrs. Nathalie Noble informed Detective Ashley that as they attempted to purchase gas, the pump flashed a message that they needed to see the clerk inside. Mr. Noble went inside to speak with the clerk, who was also the owner of the establishment, Plaintiff Drupatty Jaipersaud. The Plaintiff informed Mr. Noble that they were out of gas. Mr. Noble suggested that they place a sign near the pump or a bag over the pumps location so that people would know that there was no gas available. The Plaintiff responded by yelling at Mr. Noble calling him a "stupid nigger". The Plaintiff then approached Mr. Noble and slapped him on or about the hand and wrist area. Mrs. Noble informed the officers that she saw her husband backing away towards the door during the encounter with the Plaintiff.

Detective Ashley then went inside to speak with the Plaintiff and her husband. The Plaintiff informed Detective Ashley that she had done nothing wrong. Officer Cone then advised Detective Ashley that he had been out to this location on several calls regarding customer complaints that the Plaintiff had previously shouted racists comments at the customers and called the customers racist names.

This call was at least the third time that Officer Cone remembers having to respond to the location as a result of a patron complaining that they had been allegedly assaulted by the Plaintiff. On all three occasions that customers stayed outside and waited for the police to respond to the scene. On all three occasions the patrons complained that the clerk (Plaintiff) used racially derogatory terms towards them. On the prior calls the Plaintiff informed Officer Cone that he would be unable to view the videotape for reasons the officer could not recall.

The Plaintiff then stated it was Mr. Noble who had been yelling and called her and her husband "cooley". Mr. Jaipersaud informed Officer Cone that the remark is a racist term for someone from India.

Detective Ashley asked the Plaintiff to show him the video coverage for the past several minutes. The Plaintiff informed Detective Ashley that she couldn't pull the video up. Officer Wiemik attempted to work the video machine but was unsuccessful. The Plaintiff was asked how the machine could be accessed. She stated that her son knew how to operate the machine. Detective Ashley asked the Plaintiff to call her son and have him in route to the location. The Plaintiff became very upset and expressed to Detective Ashley that he could not come into her place of business and tell her what to

do. The Plaintiff then walked up to Detective Ashley in an offensive manner shouting and waving her hands. Detective Ashley placed the Plaintiff under arrest for Disorderly Conduct and placed her in the back of Officer Carrier's patrol car. After Detective Ashley obtained the Plaintiff's information and wrote the citation, the Plaintiff informed Detective Ashley that she needed to use the restroom. Detective Ashley took the Plaintiff out of the patrol vehicle and escorted her inside to the bathroom and removed the handcuffs. The Plaintiff used the bathroom and then asked to use the telephone. Detective Ashley informed the Plaintiff that she would be allowed to use the phone at the jail. Detective Ashley again cuffed the Plaintiff, double locking the cuffs and placed her back in Officer Carrier's patrol vehicle without incident.

Plaintiff brought this claim against the Defendants for their actions in making the arrest after the incidents above.

For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted and the Defendants deny the entirety of Plaintiff's charged offenses including, but not limited to; false arrest and false imprisonment.

(c) The legal issues to be tried are as follows:
Whether the plaintiff was falsely arrested and imprisoned in violation of her

**constitutional rights?**

**Whether there was probable cause for plaintiff's arrests by Detective Ashley?**

**What damages, if any, should be awarded plaintiff as damages?**

   (d) The cases listed below (include both style and action number) are:

      (1) Pending Related Cases:

      (2) Previously Adjudicated Related Cases:

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

   ___ (1) Unusually large number of parties

   ___ (2) Unusually large number of claims or defenses

   ___ (3) Factual issues are exceptionally complex

   ___ (4) Greater than normal volume of evidence

   ___ (5) Extended discovery period is needed

   ___ (6) Problems locating or preserving evidence

   ___ (7) Pending parallel investigations or action by government -

   ___ (8) Multiple use of experts

   ___ (9) Need for discovery outside United States boundaries

   ___ (10) Existence of highly technical issues and proof

### 3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

> **Robert Douglas Ortman**
> PO Box 724263
> Atlanta, GA 31139
> (404) 512-2925
> robertortman123@gmail.com

Defendants:

> **Kendrick K. McWilliams**
> Shivers & Associates
> Caller Service No. 1808
> Alpharetta, GA 30023-1808
> Telephone: (678) 317-7104
> Facsimile: (678) 317-8917
> kmcwilli@travelers.com

### 4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

____ Yes          __XX__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:
None.

(b) The following persons are improperly joined as parties:
None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Detective Timothy Ashley**

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

The additional parties described in 5. (a) above shall be added by amendment by plaintiffs.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal,

9

emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Neither party requests a scheduling conference with the Court.**

## 10. Discovery Period:

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0) - months discovery period, (b) four (4) - months discovery

period, and (c) eight (8) - months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Liability**

**Damages**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11. Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**None.**

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

**13. Settlement Potential:**

**(a) Lead Counsel for the parties certify by their signatures below that the conducted a Rule 26(f) conference that was held in person on May 4, 2010, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff: Lead Counsel (Signature):  /s/ Robert Douglas Ortman

Other Participants:  None

For Defendants: Lead Counsel (Signature): /s/ Kendrick K. McWilliams

Other Participants: _____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__) A possibility of settlement before discovery.

(X) A possibility of settlement after discovery.

(__) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel (__) do or (X) do not intend to hold additional settlement

conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is, _____, 20__.

(d) The following specific problems have created a hindrance to settlement of this case.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before a Magistrate Judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this ___ day of _____, 20__.

(b) The parties (X) do not consent to having this case tried before a Magistrate Judge of this Court.

/s/ **Robert Douglas Ortman**      /s/ **Kendrick K. McWilliams**
Robert D. Ortman     Kendrick K. McWilliams
Counsel for Plaintiff     Counsel for Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ____ day of _____, 20_____.


_____
Judge Julie E. Carnes,
UNITED STATES DISTRICT JUDGE

## Certificate of Compliance with LR 5.1B

Counsel hereby certifies the forgoing pleading has been prepared with Times New Roman, 14 point, as approved by this Court in LR 5.1B.

This 10th day of May, 2010.

                                    **SHIVERS & ASSOCIATES**

                                    /S/   KENDRICK K. MCWILLIAMS
                                    **KENDRICK K. MCWILLIAMS**
                                    Georgia Bar No. 140983
                                    Attorney for Defendants
                                    The City of Lawrenceville Police
                                    Department and Detective T. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Telephone: (678) 317-7104
Facsimile: (678) 317-8917
kmcwilli@travelers.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** to the Clerk of the Court using the CM/ECF system which will automatically send electronic mail notification to the following attorneys of record in this case:

Robert D. Ortman, Esq.
PO Box 724263
Atlanta, GA 31139
robertortman123@gmail.com

This 10th day of May, 2010.

                                        **SHIVERS & ASSOCIATES**

                                        **/S/   KENDRICK K. MCWILLIAMS**
                                        **KENDRICK K. MCWILLIAMS**
                                        Georgia Bar No. 140983
                                        Attorney for Defendants
                                        The City of Lawrenceville Police
                                        Department and Detective T. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Telephone: (678) 317-7104
Facsimile:  (678) 317-8917
kmcwilli@travelers.com