IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DRUPATTY JAIPERSAUD,

     Plaintiff,

vs.

TIMOTHY R. ASHLEY, in his
individual capacity,

     Defendant.

CIVIL ACTION FILE NO.

NO. 1:10-CV-0455-JEC

## DEFENDANT TIMOTHY R. ASHLEY'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

COMES NOW, Detective Timothy R. Ashley ("Ashley"), Defendant in the above-styled civil action, and files his Response to Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue to Be Tried, showing the Court as follows:

**Plaintiff's Statement No. 1**

Drupatty Jaipersaud is the owner of a Chevron gas station in Lawrenceville, Georgia.

Defendant's Response to Statement No. 1

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 2**

This gas station consists of a convenience store in addition to the area containing the gas pumps.

Defendant's Response to Statement No. 2

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 3**

During the afternoon of September 24, 2008, both Ms. Jaipersaud and her husband, Arnold Jaipersaud, were working inside the gas station convenience store.

Defendant's Response to Statement No. 3

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 4**

A region-wide gas shortage was in effect at this time.

Defendant's Response to Statement No. 4

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 5**

A true and correct copy of a WSBTV.com news article, dated September 24, 2008, discussing the effects of this gas shortage is attached hereto as SMF Attachment "A."

Defendant's Response to Statement No. 5

Defendant disputes the news article was a true and accurate depiction of the effect of the 2008 gas shortage.

**Plaintiff's Statement No. 6**

Ms. Jaipersaud's gas station was affected by this gas shortage and had exhausted its supply of unleaded gas on September 24, 2008.

Defendant's Response to Statement No. 6

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 7**

As a result, Ms. Jaipersaud turned off all the unleaded gas pumps on that day.

Defendant's Response to Statement No. 7

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 8**

Attached hereto as SMF Attachment "B" is a copy of the surveillance video recorded at plaintiff's gas station on Sept. 24, 2008.

Defendant's Response to Statement No. 8

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 9**

This video, SMF Attachment "B," has been authenticated through the declarations of Mr. Leslie Narain and Mr. Ramon Alvarado, Esq.

Defendant's Response to Statement No. 9

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 10**

From inside the convenience store, Ms. Jaipersaud saw a black male drive up to one of the unleaded gas pumps in an attempt to purchase gas. (D. Jaipersaud Decl. ¶ 23; SMF Attachment "B" [9/24/2008 video at 23:19 to 23:43 [*back view* at 12:35:15 to 12:36:00], 44:41 to 45:06 [*outside view* at12:35:15 to 12:36:00]].)

Defendant's Response to Statement No. 10

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 11**

When this individual could not complete his gas purchase, he entered the store in an angry and irate state. (Jaipersaud Dep. 24; A. Jaipersaud Decl. ¶ 5; D. Jaipersaud Decl. ¶ 27; SMF Attachment "B" [9/24/2008 video at 45:10 to 45:20 [*outside view* at 12:36:08 to 12:36:26]].)

Defendant's Response to Statement No. 11

Defendant disputes the statement regarding the "individuals" state as being irate. The Defendant has no information with which to dispute the remainder of Plaintiff's statement.

**Plaintiff's Statement No. 12**

This individual's name was Mr. Leon Noble. (Ashley Dep. 66; D. Jaipersaud Decl. ¶ 27; A. Jaipersaud Decl. ¶ 4; Summary Report by Detective Ashley, Case # 080909060 (Bates stamped: Jaipersaud – 69-70), identified as Pl.'s Ex. 11 at Ashley Dep. 82 and attached hereto as SMF Attachment "C".)

Defendant's Response to Statement No. 12

Admitted.

**Plaintiff's Statement No. 13**

Once inside the store, Mr. Noble began arguing with the plaintiff and her husband. (Jaipersaud Dep. 24-25; A. Jaipersaud Decl. ¶¶ 5-8; D. Jaipersaud Decl. ¶¶ 27-32; SMF Attachment "B" [9/24/2008 video at 3:35 to 3:45 [*front view* at 12:37:14 to 12:37:34], 24:05 to 24:20 [*back view* at 12:26:40 to 12:37:11]].)

Defendant's Response to Statement No. 13

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 14**

Ms. Jaipersaud and her husband tried to get Mr. Noble to leave their

store. (Jaipersaud Dep. 26; D. Jaipersaud Decl. ¶¶ 32-33; A. Jaipersaud Decl. ¶ 12;

SMF Attachment "B" [9/24/2008 video at 3:52 to 4:05 [*front view* at 12:37:48 to

12:38:15]].)

Defendant's Response to Statement No. 14

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 15**

Mr. Noble's wife, Ms. Nathalie Noble, ran into the store and began

yelling at both Ms. Jaipersaud and her husband. (Jaipersaud Dep. 28; A.

Jaipersaud Decl. ¶ 8; D. Jaipersaud Decl. ¶ 33; SMF Attachment "B" [9/24/2008

video at 4:10 [*front view* at 12:38:23]].)

Defendant's Response to Statement No. 15

Defendant disputes the statement regarding the action of Ms. Noble.

Defendant has no information with which to dispute the remainder of Plaintiff's

Statement.

**Plaintiff's Statement No. 16**

Both Mr. and Mrs. Noble refused to leave plaintiff's establishment

despite continued pleas by Mr. Jaipersaud that they do so. (Jaipersaud Dep. 27;

A. Jaipersaud ¶ 12; SMF Attachment "B" [9/24/2008 video at 4:14 to 4:39 [*front*

*view* at 12:38:30 to 12:39:21]].)

Defendant's Response to Statement No. 16

Defendant's disputes the statements regarding Mr. and Mrs. Nobles'

actions. There is no evidence, other than self serving testimony, to support this

statement. Defendant has no information with which to dispute the remainder of

Plaintiff's Statement.

**Plaintiff's Statement No. 17**

At no time during Ms. Jaipersaud's exchange with Mr. Noble, and

then with Mrs. Noble, did she touch or hit either of the two parties. (Ashley Dep.

66-67; Jaipersaud Dep. 26-27; D. Jaipersaud Decl. ¶ 43; A. Jaipersaud Decl. ¶ 16;

SMF Attachment "B" [9/24/2008 video at 3:35 to 7:31 [*front view* at 12:37:13 to

12:45:02]].)

Defendant's Response to Statement No. 17

Denied.

**Plaintiff's Statement No. 18**

Ms. Jaipersaud retreated behind the cash register counter and called

911. (SMF Attachment "B" [9/24/2008 video at 4:11 to 4:12 [*front view* at

12:38:26 to 12:38:27], 25:04 to 25:45 [*back view* at 12:38:21 to 12:39:45]]; D.

Jaipersaud Decl. ¶ 40; A. Jaipersaud Decl. ¶ 11.)

Defendant's Response to Statement No. 18

    Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 19**

    A true and correct copy of a CAD Operations Report for a 911 call

placed by Ms. Jaipersaud to the Lawrenceville Police Department on September

24, 2008 at 13:44:23 hours is attached hereto as Attachment "D".

Defendant's Response to Statement No. 19

    Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 20**

    This CAD Operations Report was introduced and identified at the

Ashley's deposition as Plaintiff's Exhibit 12. (Ashley Dep. 101-08.) The CAD

Operations Report indicates the caller name as "Anne Jaiperseud." (SMF

Attachment "D"; *see also* Ashley Dep. 102.) This information was available to

one or more of the responding officers. (Ashley Dep. 103:11-18.)

Defendant's Response to Statement No. 20

    Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 21**

Officer Ron Cone and Defendant Timothy Ashley responded to plaintiff's store after Ms. Jaipersaud called 911. (Ashley Dep. 49, 127; SMF Attachment "D" [CAD Operations Report].)

Defendant's Response to Statement No. 21

Denied.

**Plaintiff's Statement No. 22**

The Nobles were standing outside, in front of the store's front entrance, when Officer Cone and Defendant Ashley first responded. (Ashley Dep. 49; Jaipersaud Dep. 31; SMF Attachment "B" [9/24/2008 video at 7:30 to 7:43 [*front view* at 12:45:00 to 12:45:28]].)

Defendant's Response to Statement No. 22

Admitted.

**Plaintiff's Statement No. 23**

Officer Cone and Defendant Ashley first spoke to the Nobles. (Ashley Dep. 49-50; Jaipersaud Dep. 31; D. Jaipersaud Decl. ¶¶ 44-45; A. Jaipersaud Decl. ¶ 14.)

Defendant's Response to Statement No. 23

Denied as stated. There is no evidence Officer Cone was with Ashley.

**Plaintiff's Statement No. 24**

Mr. Noble complained to Officer Cone and Defendant Ashley that Ms. Jaipersaud had called him a "nigger" and had hit him on his arm during his encounter with Ms. Jaipersaud. (Ashley Dep. 50; SMF Attachment "C" [Det. Ashley Summary Report, Jaipersaud – 69].)

Defendant's Response to Statement No. 24

Denied. There is no evidence Officer Cone was with Ashley.

**Plaintiff's Statement No. 25**

Officer Cone and Defendant Ashley went inside the store and spoke to both Ms. Jaipersaud and her husband. (SMF Attachment "C" [9/24/2008 video at 8:07 [*front view* at 12:46:15], 8:18 [*front view* at 12:46:37]]; Ashley Dep. 51; Jaipersaud Dep. 31; D. Jaipersaud Decl. ¶¶ 46-48; A. Jaipersaud Decl. ¶¶ 14-16.)

Defendant's Response to Statement No. 25

Denied. There is no evidence Officer Cone was with Ashley.

**Plaintiff's Statement No. 26**

Ms. Jaipersaud stated that it was Mr. Noble who had started the altercation and insisted that she did not touch or hit Mr. Noble during her encounter with him. (Ashley Dep. 51, 83; D. Jaipersaud Decl. ¶ 50.)

Defendant's Response to Statement No. 26

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 27**

Both Ms. Jaipersaud and Mr. Jaipersaud suggested to Defendant

Ashley that he view the surveillance video recording from earlier in the day.

(Jaipersaud Dep. 38, 46; D. Jaipersaud Decl. ¶ 51; A. Jaipersaud Decl. ¶ 19.)

Defendant's Response to Statement No. 27

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 28**

The video surveillance system was located in a small room in the back

of the store. (Ashley Dep. 51; D. Jaipersaud Decl. ¶ 53; *see also* Exhibit "C"

attached to D. Jaipersaud Decl. [photo of back room containing video

surveillance equipment].)

Defendant's Response to Statement No. 28

Defendant has no information with which to dispute Plaintiff's Statement.

**Plaintiff's Statement No. 29**

Ms. Jaipersaud never prevented Defendant Ashley or any other police

officer from accessing the video surveillance system. (Ashley Dep. 93; Jaipersaud

Dep. 38-39; D. Jaipersaud Decl. ¶¶ 53-54; A. Jaipersaud Decl. ¶ 21.)

Defendant's Response to Statement No. 29

Denied. See 52:11-25  through 53:1-15. See also Ashley 119:22-25.

**Plaintiff's Statement No. 30**

Defendant Ashley testified in his deposition as follows: "Q: And Ann

[Ms. Jaipersaud] never prevented you from accessing the video machine? A:

No." (Ashley Dep. 93:22-24.)

Defendant's Response to Statement No. 30

Denied. See Ashley Dep. 52:11-25 through 53:1-15.

**Plaintiff's Statement No. 31**

Defendant Ashley further testified in his deposition as follows:

Q: Did either Ms. Jaipersaud or her husband at any point during your

investigation prevent you from accessing the machine?

A: Accessing the –

Q: The video machine.

A: No, no, absolutely not. No, she allowed us to go back and look at it.

(Ashley Dep. 165:1-7.)

Defendant's Response to Statement No. 31

Denied. See Ashley Dep. 52:11-25 through 53:1-15.

Plaintiff's Statement No. 32

Ms. Jaipersaud told Defendant Ashley that neither she nor her husband knew how to operate the video surveillance machine. (Ashley Dep. 52, 91; Jaipersaud Dep. 39; D. Jaipersaud Decl. ¶ 52; A. Jaipersaud Decl. ¶ 20.)

Defendant's Response to Statement No. 32

Defendant has no information with which to dispute Plaintiff's statement.

Plaintiff's Statement No. 33

Ms. Jaipersaud then provided Defendant Ashley and another police officer, Officer Wiernik, with the operating manual and her password for accessing the video surveillance machine. (Jaipersaud Dep. 39; D. Jaipersaud Decl. ¶ 52; A. Jaipersaud Decl. ¶ 20; *see also* Ashley Dep. 127 (identifying Officer Wiernik from surveillance video); SMF Attachment "B" [9/24/2008 video at 8:18 to 8:22 [*front view* at 12:46:35 to 12:46:44].

Defendant's Response to Statement No. 33

Defendant has no information with which to dispute Plaintiff's statement.

Plaintiff's Statement No. 34

Neither Defendant Ashley nor Officer Wiernik succeeded in figuring out how to operate the video surveillance machine. (Ashley Dep. 51; Jaipersaud Dep. 39; D. Jaipersaud Decl. ¶ 56.)

Defendant's Response to 34

Admitted.

**Plaintiff's Statement No. 35**

A visibly angry Defendant Ashley asked Ms. Jaipersaud what she

usually did to operate the video surveillance machine. (Jaipersaud Dep. 38-39;

Ashley Dep. 51-52.)

Defendant's Response to Statement No. 35

Defendant disputes this statement. There is nothing more than self serving

testimony to support this statement.

**Plaintiff's Statement No. 36**

Ms. Jaipersaud explained to Defendant Ashley that she generally

asked her son to assist her in operating the video surveillance machine. (Ashley

Dep. 52; Jaipersaud Dep. 39; D. Jaipersaud Decl. ¶ 57.)

Defendant's Response to Statement No. 36

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 37**

Defendant Ashley ordered Ms. Jaipersaud to get her son to the store at

once. (Jaipersaud Dep. 39; D. Jaipersaud Decl. ¶ 58; A. Jaipersaud Decl. ¶¶ 23-

24.)

Defendant's Response to Statement No. 37

Defendant disputes the statement as made. Ashley Dep. 52:20-25 through

53:1-6.

**Plaintiff's Statement No. 38**

Ms. Jaipersaud informed Ashley that her son was attending classes at

that time at Clayton State University ("Clayton State"). (Ashley Dep. 120, 168;

Jaipersaud Dep. 39.)

Defendant's Response to Statement No. 38

Admitted.

**Plaintiff's Statement No. 39**

Ms. Jaipersaud also informed Defendant Ashley that Clayton State

was over an hour away from the gas station. (Ashley Dep. 120, 168; Jaipersaud

Dep. 39.)

Defendant's Response to Statement No. 39

Admitted.

**Plaintiff's Statement No. 40**

Defendant Ashley himself knew how far Clayton State was from the

gas station. (Ashley Dep. 75, 93:19-22 ("Q: And she told you that Clayton State or

you knew yourself that Clayton State was over an hour away from the store? A:

Yes").)

Defendant's Response to Statement No. 40

Admitted.

**Plaintiff's Statement No. 41**

Defendant Ashley still insisted that Ms. Jaipersaud get her son to the store immediately. (Jaipersaud Dep. 39; D. Jaipersaud Decl. ¶ 59; A. Jaipersaud ¶ 24.)

Defendant's Response to Statement No. 41

Admitted.

**Plaintiff's Statement No. 42**

Ms. Jaipersaud placed a call to her son in Ashley's presence using her cell phone but could not reach him. (Ashley Dep 74; Jaipersaud Dep. 39; SMF Attachment "B" [9/24/2008 video at 34:40 to 34:43 [*back view* at 12:58:15 to 12:58:21]].)

Defendant's Response to Statement No. 42

Defendant disputes this statement. Defendant Ashley's testimony states only that she did not speak to him. See Ashley Dep. 120:2

**Plaintiff's Statement No. 43**

A true and correct copy of a Sprint call log for phone number (678)

984-5119 covering the period from September 9, 2008 to October 8, 2008 is attached hereto as SMF Attachment "E".

Defendant's Response to Statement No. 43

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 44**

(678) 984-5119 was the phone number for Ms. Jaipersaud's cell phone at the time of the incident. (D. Jaipersaud Decl. ¶ 60.)

Defendant's Response to Statement No. 44

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 45**

Ms. Jaipersaud's son, Leslie Narain, owned a cell phone at the time of Ms. Jaipersaud's arrest. (Narain Decl. ¶ 6.)

Defendant's Response to Statement No. 45

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 46**

The phone number for Leslie Narain's cell phone was (678) 749-2786. (*Id.* ¶ 6.)

Defendant's Response to Request No. 46

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 47**

The Sprint call log for phone number (678) 984-5119 indicates that an

outgoing call was placed to phone number (678) 749-2786 at 2:01 p.m. on

September 24, 2008. (SMF Attachment "E" [Sprint Call Log].)

Defendant Response to Statement No. 47

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 48**

Ms. Jaipersaud informed Defendant Ashley that she had called but

was unable to get through to her son. (Ashley Dep. 120; Jaipersaud Dep. 39.)

Defendant's Response to Statement No. 48

Defendant disputes this statement. Ashley stated only that she did not talk

to her son. See Ashley Dep. 120:2.

**Plaintiff's Statement No. 49**

Defendant Ashley continued to demand that Ms. Jaipersaud produce

her son at the store immediately. (Jaipersaud Dep. 39.)

Defendant's Response to Statement No. 49

Defendant disputes this statement. See Ashley Dep. 120:17-24

**Plaintiff's Statement No. 50**

Defendant Ashley testified as follows at Ms. Jaipersaud's criminal

trial relating to the incident at issue:

Q: Now, when you asked her [Ms. Jaipersaud] to show you the video she told you flat out she doesn't know how to use that machine; correct?

A: Yes.

Q: And she tells you he's at school?

A: Yes.

Q: Now, with you there she attempts to call her son; right?

A: I believe she may have attempted to call him one time. But she did not make contact with him.

Q: And that very well could be because he is, in fact, in school; right?

A: Could be.

Q: Now, she told you that he went to Clayton State, which is an hour away?

A: Correct.

Q: And you still insisted on bringing him there immediately?

A: I did.

State v. Jaipersaud, Case No. 08-D-8932-6, Trial Tr. 62:18-63:13, Feb. 24-25, 2009 [hereafter "State v. Jaipersaud, Trial Tr."].

Defendant's Response to Statement No. 50

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 51**

A certified copy of the transcript in State v. Drupatty Jaipersaud, Case No. 08-D-8932-6, Gwinnett County State Court, is attached hereto as SMF Attachment "F".

Defendant's Response to Statement No. 51

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 52**

A portion of this transcript, containing the entirety of Mr. Ashley's testimony in the trial of State v. Drupatty Jaipersaud, Case No. 08-D-8932-6 (*see generally* State v. Jaipersaud, Trial Tr. 50-67) was introduced in Ashley's deposition as Plaintiff's Exhibit 9 (*see* Ashley Dep. 59), and is attached hereto as SMF Attachment "G".

Defendant's Response to Statement No. 52

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 53**

Defendant Ashley was given an opportunity during his deposition to review Plaintiff's Exhibit 9 [SMF Attachment "G"] in its entirety. (Ashley Dep. 59-60.)

Defendant's Response to Statement No. 53

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 54**

Defendant Ashley verified the accuracy of all of the statements

attributed to him in Plaintiff's Exhibit 9 [SMF Attachment "G"]. (Ashley Dep. 60-

61.)

Defendant's Response to Statement No. 54

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 55**

Ms. Jaipersaud complained to Defendant Ashley that he was making

unreasonable demands on her. (Ashley Dep. 53; Jaipersaud Dep. 39; D.

Jaipersaud Decl. ¶ 64; A. Jaipersaud Decl. ¶ 26.)

Defendant's Response to Statement No. 55

Defendant disputes this statement as it mischaracterizes the cited

testimony. See Ashley Depo. 52:11-25 through 53:1-15

**Plaintiff's Statement No. 56**

Ms. Jaipersaud testified in her deposition as follows:

A: And Detective Ashley at that point told me, I need to get him on the

phone or get him here. So I tried calling him. I tell him, he's in class, he don't

answer his phone. I did call, and he didn't answer. At that time Detective Ashley

said, well, you need to get him here or else. I asked him, sir, what are you

saying? He said, I'm not saying anything. You need to get your son here.

(Jaipersaud Dep. 39:15-25.)

Defendant's Response to Statement No. 56

Defendant disputes this statement. See Ashley Dep. 52:11-25 through 53:1-

15; and 120:17-25.

**Plaintiff's Statement No. 57**

Defendant Ashley acted in an aggressive manner toward Ms.

Jaipersaud as she voiced her disagreement with Ashley's commands. (State v.

Jaipersaud, Trial Tr. 63-64.)

Defendant's Response to Statement No. 57

Defendant disputes this statement.

**Plaintiff's Statement No. 58**

Ashley testified as follows in Ms. Jaipersaud's criminal trial relating

to the incident at issue:

Q: Well, let's talk about the moments before you arrest her. Did you

ever get aggressive with her?

A: How do you mean aggressive?

Q: Let's break it down. Did you ever stick your finger in her face?

A: Not in her face, no. She was across the room.

Q: So if on the video we have you sticking your finger in her face, the video may be wrong?

A: I wouldn't say the video would be wrong, no.

Q: Then you might be wrong?

A: If pointed my finger at her I did not point my finger in her face. I may have pointed my finger at her.

Q: Let's break this down.

A: Okay.

Q: Let's break this down. At some point she's standing 2 or 3 feet away from you and you have your finger pointed in her face?

A: That could have been, yes, sir.

Q: At some point are you raising your voice to her as you have your finger in her face?

A: When she told me she would not contact her son and that I would not tell her what to do in her own business, I told her that I would complete this investigation. And I may have said that in a strong voice, yes, sir.

(State v. Jaipersaud, Trial Tr. 63:18-64:16. *See also* SMF Attachment "B"

[9/24/2008 video at 34:40 to 34:48 [*back view* at 12:58:15 to 12:58:31]].)

Defendant's Response to Statement No. 58

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 59**

Defendant Ashley then grabbed Ms. Jaipersaud by her upper arm and

pulled her out of the store. (SMF Attachment "B" [9/24/2008 video at 13:50 to

13:52 [*front view* at 12:59:10 to 12:59:14]]; Ashley Dep. 128; Jaipersaud Dep. 40;

D. Jaipersaud Decl. ¶ 65; A. Jaipersaud Decl. ¶ 26.)

Defendant's Response to Statement No. 59

Defendant disputes this statement. Ashley did not pull Plaintiff from the

store, unless the Plaintiff is now admitting Plaintiff resisted arrest.

**Plaintiff's Statement No. 60**

Ms. Jaipersaud was in-custody at this point in time. (Ashley Dep.

128; Jaipersaud Dep. 40-41.)

Defendant's Response to Statement No. 60

When the Plaintiff was escorted from the premises, she was "in custody".

**Plaintiff's Statement No. 61**

Once outside the store, Ms. Jaipersaud was handcuffed and placed in

the back of a patrol car. (Ashley Dep. 54-55; Jaipersaud Dep. 48.)

Defendant's Response to Statement No. 61

Defendant disputes the statement "once outside the store." The remainder

of the statement is admitted. See Ashley Dep. 55:1-3.

**Plaintiff's Statement No. 62**

Defendant Ashley charged Ms. Jaipersaud with disorderly conduct.

(Ashley Dep. 54; Jaipersaud Dep. 47.)

Defendant's Response to Statement No. 62

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 63**

Defendant Ashley issued Ms. Jaipersaud a citation, citing subsections

(c) and (k) of the disorderly conduct provision of the City of Lawrenceville

Municipal Code. (Ashley Dep. 61-62.)

Defendant's Response to Statement No. 63

Defendant disputes this statement to the extent the citations listed do not

support the cited statement of fact. Defendant did issue a citation to the Plaintiff.

**Plaintiff's Statement No. 64**

A copy of this citation was introduced at Defendant Ashley's

deposition as Plaintiff's Exhibit 10 (Bates stamped: Jaipersaud – 68) (*see* Ashley

Dep. 61-62), and is attached hereto as SMF Attachment "H".

<u>Defendant's Response to Statement No. 64</u>

Defendant has no information with which to dispute Plaintiff's statement.

**<u>Plaintiff's Statement No. 65</u>**

The citation was the "first legal document" completed by Defendant Ashley in relation to his arrest of Ms. Jaipersaud. (Ashley Dep. 64.)

<u>Defendant's Response to Statement No. 65</u>

Defendant has no information with which to dispute Plaintiff's statement.

**<u>Plaintiff's Statement No. 66</u>**

Defendant Ashley noted on the citation that Ms. Jaipersaud had "struck patron while conducting business then refused to cooperate w/ police." (SMF Attachment "H" [Citation].)

<u>Defendant's Response to Statement No. 66</u>

Defendant has no information with which to dispute Plaintiff's statement.

**<u>Plaintiff's Statement No. 67</u>**

By "patron," Defendant Ashley was referring to Mr. Noble. (Ashley Dep. 66.)

<u>Defendant's Response to Statement No. 67</u>

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 68**

At no time on September 24, 2008, did any officer, including Ashley,

observe Ms. Jaipersaud strike Mr. Noble. (*Id.* at 66.)

Defendant's Response to Statement No. 68

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 69**

At no time on September 24, 2008, did any officer, including Ashley,

hear Ms. Jaipersaud call Mr. Noble a "nigger" or any other discriminatory

remark. (*Id.* at 81.)

Defendant's Response to Statement No. 69

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 70**

At no time during the investigation did Ms. Jaipersaud ever admit to

any officer, including Ashley, that she had hit Mr. Noble. (*Id.* at 83.)

Defendant's Response to Statement No. 70

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 71**

At no time during the investigation did Ms. Jaipersaud ever prevent

any officer, including Ashley, from accessing the video surveillance machine. (*Id.*

at 164-65.)

Defendant's Response to Statement No. 71

Defendant disputes this statement. See Ashley Dep. 120

**Plaintiff's Statement No. 72**

At no time during the investigation did Ms. Jaipersaud ever curse at

Defendant Ashley. (*Id.* at 72-73.)

Defendant's Response to Statement No. 72

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 73**

At no time during the investigation did Ms. Jaipersaud ever verbally

or physically threaten Defendant Ashley. (*Id.* at 72.)

Defendant's Response to Statement No. 73

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 74**

At no time during the investigation did Ms. Jaipersaud ever place her

hands on Defendant Ashley. (*Id.* at 73.)

Defendant's Response to Statement No. 74

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 75**

At no time during the investigation did Defendant Ashley feel threatened by Ms. Jaipersaud's conduct. (*Id.* at 94.)

Defendant's Response to Statement No. 75

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 76**

Defendant Ashley testified as follows in Ms. Jaipersaud's criminal trial concerning the incident at issue:

Q: How tall are you, Officer?

A: 6-2.

Q: 6-2. How much do you weight?

A: 245.

Q: Were you scared of Ms. Jaipersaud that day?

A: I'm sorry?

Q: Were you scared of her that day?

A: No.

Q: At no point were you placed in reasonable fear of your life or limb?

A: I wasn't afraid for my life if that's what you meant.

Q: How about your safety: Were you afraid she was going to hurt you?

A: She might have hit me.

Q: She might have hit you?

A: She could have hit me, sure.

Q: She didn't, did she?

A: No, she didn't.

(State v. Jaipersaud, Trial Tr. 66:7-24.)

Defendant's Response to Statement No. 76

Defendant has no information with which to dispute Plaintiff's statement.

## Plaintiff's Statement No. 77

At the time of Ms. Jaipersaud's arrest, Defendant Ashley had

knowledge of no facts that would have supported an arrest for an offense other

than disorderly conduct. (Ashley Dep. 165.)

Defendant's Response to Statement No. 77

Defendant has no information with which to dispute Plaintiff's statement.

## Plaintiff's Statement No. 78

Defendant Ashley testified in his deposition as follows:

Q: At the time you arrested Ms. Jaipersaud, did you have in your

knowledge --- with the facts that you knew at that point when you arrested

her, did you have any probable cause to arrest her for any other offense at

that point?

A: Other than –

Q: Other than the disorderly conduct.

A: Other than the charges I brought against her, no.

(*Id.* at 165:17-25.)

Defendant's Response to Statement No. 78

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 79**

Officer Wiernik and Defendant Ashley spent approximately six (6) minutes attempting to operate the video surveillance machine before Ms. Jaipersaud was arrested. SMF Attachment "B" [9/24/2008 video at 11:21 to 13:50 [*front view* at 12:52:40 to 12:59:10], 33:07 to 34:56 [*back view* at 12:53:28 to 12:59:06]].)

Defendant's Response to Statement No. 79

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 80**

The entire investigation, starting from when the first officer arrived at Ms. Jaipersaud's gas station and ending when Defendant Ashley arrested Ms. Jaipersaud, lasted approximately 13 minutes. (*Id.* at 07:38 to 13:50 [*front view* at

12:45:18 to 12:59:10]].)

Defendant's Response to Statement No. 80

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 81**

No police officer, including Ashley, stayed at the gas station after plaintiff was arrested, to wait for plaintiff's son to return from school. (Ashley Dep. 76.)

Defendant's Response to Statement No. 81

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 82**

No police officer, including Defendant Ashley, ever returned to Ms. Jaipersaud's store to obtain or view the video surveillance tape at issue. (Ashley Dep. 76; Jaipersaud Dep. 52.)

Defendant's Response to Statement No. 82

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 83**

Ashley could have returned to plaintiff's store to view the surveillance video but did not do so. (Ashley Dep. 121.)

Defendant's Response to Statement No. 83

Defendant has no information with which to dispute Plaintiff's statement.

## Plaintiff's Statement No. 84

Ashley testified in his deposition as follows:

Q: Did [Ms. Jaipersaud] deny you permission to come back or for you to send somebody else to come back to retrieve the video?

A: She didn't deny it because I didn't ask.

Q: You didn't ask?

A: Okay, I'll come back tomorrow and see it.

Q: Did you need her permission?

A: No. Need her permission to come back? I don't need her permission; but if I come back tomorrow and she's not expecting me, why would she have the videotape available then?

Q: Well, I mean, could you have called ahead and said, I want to come to view the video and make your son available?

A: Sure, I could have done that.

(Ashley Dep. 121:7-21.)

Defendant's Response to Statement No. 84

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 85**

As a result of her arrest by Defendant Ashley, Ms. Jaipersaud was

incarcerated at the Gwinnett County Detention Center for approximately 9

hours. (Jaipersaud Dep. 54; D. Jaipersaud Decl. ¶ 79.)

Defendant's Response to Statement No. 85

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 86**

A certified copy of the accusation in State v. Drupatty Jaipersaud,

Case Number 08-D-8932-6, Gwinnett County State Court, is attached hereto as

SMF Attachment "I".

Defendant's Response to Statement No. 86

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 87**

This accusation charged Ms. Jaipersaud with having violated the

offenses of disorderly conduct, under O.C.G.A. § 16-11-39(a)(1), and simple

battery, under O.C.G.A. § 16-5-23(a)(1). (SMF Attachment "I" [Accusation].)

Defendant's Response to Statement No. 87

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 88**

Ms. Jaipersaud went to trial before a jury in Gwinnett County State

Court on both of these charges. (Jaipersaud Dep. 17.)

Defendant's Response to Statement No. 88

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 89**

The jury acquitted Ms. Jaipersaud of both charges. (Jaipersaud Dep.

17; Ashley Dep. 80.)

Defendant's Response to Statement No. 89

Defendant has no information with which to dispute Plaintiff's statement.

**Plaintiff's Statement No. 90**

A certified copy of the final disposition in State v. Drupatty

Jaipersaud, Case Number 08-D-8932-6, is attached hereto as SMF Attachment "J".

Defendant's Response to Statement No. 90

Defendant has no information with which to dispute Plaintiff's statement.

[Signature on the following page]

Respectfully submitted this 17th day of March, 2011.

SHIVERS & ASSOCIATES

/S/     KENDRICK K. MCWILLIAMS
**KENDRICK K. MCWILLIAMS**
Georgia Bar No.  140983
Attorney for Defendant
Timothy R. Ashley

Caller Service No. 1808
Alpharetta, GA  30023-1808
Tel.: 678-317-7104
Fax: 678-317-8919
kmcwilli@travelers.com

## CERTIFICATION

Pursuant to N.D. Ga. LR 7.1D, I certify that this response has been prepared using Book Antigua, 13 point, as approved by this Court in LR 5.1.

S/     KENDRICK K. MCWILLIAMS
KENDRICK K. MCWILLIAMS

IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DRUPATTY JAIPERSAUD,

     Plaintiff,

vs.

TIMOTHY R. ASHLEY, in his
individual capacity,

     Defendant.

CIVIL ACTION FILE NO.

NO. 1:10-CV-0455-JEC

## CERTIFICATE OF SERVICE

I hereby certify that I have served **DEFENDANT TIMOTHY R. ASHLEY'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS** upon all parties, by electronic filing through the CM/ECF system

Albert Wan
Attorney at Law
1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, Georgia 30361
albert@albertwanlaw.com

    This 17th day of March, 2011.

[Signature on the following page]

SHIVERS & ASSOCIATES

S/    KENDRICK K. MCWILLIAMS
**KENDRICK K. MCWILLIAMS**
Georgia Bar No.  140983
Attorney for Defendant
Detective Timothy R. Ashley

Caller Service No. 1808
Alpharetta, GA  30023-1808
Tel.: 678-317-7104
Fax: 678-317-8919
kmcwilli@travelers.com