IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DRUPATTY JAIPERSAUD, | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 10-CV-455-JEC |
| vs. | ) | |
| | ) | |
| TIMOTHY R. ASHLEY, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In opposing plaintiff's motion for summary judgment, defendant articulates no reason let alone a persuasive one that demonstrates that plaintiff is not entitled to summary relief on her federal, Fourth Amendment claim against defendant Ashley. In fact, defendant's response supports plaintiff's contention that under the present record, which includes Ashley prior trial testimony and a surveillance video, no reasonable juror could accept Ashley's post-hoc, after-the-fact justification that he arrested Ms. Jaipersaud for her obstructive behavior.[1] It is notable that plaintiff's Local Rule 56.1 Statement, which she filed in conjunction with her affirmative motion for summary judgment, went largely undisputed by defendant. Even more telling, however, is defendant's admission that he demanded that plaintiff furnish the immediate presence of

---

[1] Defendant did not dispute, either by citation to evidence or by any other valid basis, the trial testimony attributed to him in plaintiff's statement of undisputed facts, testimony which plaintiff contends clearly supports a finding of liability that Ashley violated her Fourth Amendment rights. (*Cf.* Def.'s Response to Pl.'s Statement of Undisputed Facts 18-19 [¶¶ 50-54], 22-24 [¶ 58], 29-30 [¶ 76].)

1

her son at the gas station, which, by any measure, was an unreasonable, excessive, and simply impossible investigatory demand that no citizen could have obeyed, let alone Ms. Jaipersaud, whose son was then attending class, over an hour away from the gas station. (*See* Def.'s Response to Pl.'s Statement of Undisputed Facts 16 [¶41], 18-19 [¶ 50].)

Finally, it should not be lost on the court that this case is as much about the First Amendment as it is about the Fourth Amendment. That Ms. Jaipersaud was ultimately arrested after she criticized Ashley's increasingly belligerent and aggressive behavior strikes at the heart of the First Amendment. *See City of Houston v. Hill*, 482 U.S. 451, 461 (1987) ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state").

Consistent with this bedrock principle but more fundamentally, defendant submits that she had an obligation to stand her ground when confronted with defendant's threatening conduct. And it is no answer to suggest that she could not do so because such conduct was directed at her under the color of law. As Dr. King wrote in his now-famous "Letter from a Birmingham Jail":

> In no sense do I advocate evading or defying the law, as would the rabid segregationist. That would lead to anarchy. One who breaks an unjust law must do so openly, lovingly, and with a willingness to accept the penalty. I submit that an individual who breaks a law that conscience tells him is unjust, and who willingly accepts the penalty of imprisonment in order to

2

arouse the conscience of the community over its injustice, is in reality expressing the highest respect of the law.[2]

Just as racial segregation was the "unjust law" of the land during Dr. King's era, Ashley's forceful and demeaning actions toward Ms. Jaipersaud constitute the "unjust law" in this case, the defiance of which Dr. King would not only have encouraged but required. To suggest then that Ashley's arrest of Ms. Jaipersaud was somehow lawful under the Constitution – the highest of this land – is fundamentally incompatible with the principles of freedom and morality upon which this nation was founded.

## **CONCLUSION**

For these reasons, plaintiff prays that this court grant her affirmative motion for partial summary judgment in its entirety, deny defendant's motion for summary judgment in its entirety, and order any other relief it deems just and proper.

Respectfully submitted this 23rd day of March 2011.

/s/ Albert Wan
Georgia Bar No. 334224
albert@albertwanlaw.com
Attorney for Plaintiff

1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, GA 30361
404-872-7760 – Tel.
404-872-7764 – Fax

---

[2] Martin Luther King, Jr., *Letter From Birmingham Jail*, Apr. 16, 1963, *available at* http://mlk-kpp01.stanford.edu/index.php/resources/article/annotated_letter_from_birmingham/.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2011, I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Kendrick K. McWilliams, Esq.
Attorney for Defendants
Shivers & Associates
Caller Service No. 1808
Alpharetta, GA 30023-1808
678-317-7104 – Tel.
678-317-8917 – Fax
kmcwilli@travelers.com – Email

/s/ Albert Wan
Georgia Bar No. 334224
Attorney for Plaintiff

1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, GA 30361
404-872-7760 – Tel.
404-872-7764 – Fax
albert@albertwanlaw.com – Email