IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>　　　Plaintiff,<br>vs.<br><br>TIMOTHY R. ASHLEY, in his<br>individual capacity,<br><br>　　　Defendant. | CIVIL ACTION FILE NO.<br><br>NO. 1:10-CV-0455-SCJ |

## DEFENDANT TIMOTHY R. ASHLEY'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

COMES NOW, Timothy R. Ashley, Defendant in the above styled civil action, and, files this, his Reply Brief in Support of His Motion for Summary Judgment, showing the Court as follows:

### ARGUMENTS AND CITATION TO AUTHORITIES

I. **QUALIFIED IMMUNITY PROTECTS DETECTIVE ASHLEY FROM LIABILITY UNDER FEDERAL LAW**

Initially, Plaintiff does not dispute that Detective Ashley acted within his discretionary law enforcement capacity for purposes of qualified immunity. Thus, "the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003). The Plaintiff has pointed to no facts that support the conclusion that Detective

Ashley acted outside of his discretionary law enforcement authority, during the course of his investigation and eventual arrest of the Plaintiff. Plaintiff's discontent with being arrested as a result of her uncooperative behavior during the course of a police investigation, is not evidence of any wrong doing on the part of the police officer conducting the investigation and eventual arrest. Plaintiff has pointed to not a scintilla of evidence demonstrating any plausible violation, other than the fact that the fact that Detective Ashley arrested the Plaintiff as a result of her refusal to cooperate during the course of his investigation.

Here, Plaintiff fails to meet her burden to show there was a constitutional violation during the course of Plaintiff's lawful arrest.

### A. THE COMPLAINT IMPLICATES ONLY THE FOURTH AMENDMENT

So far as Detective Ashley's conduct is concerned, this case solely involves his actions in arresting the Plaintiff as a result of her obstructive behavior during the course of a lawful investigation. Contrary to the new allegations of First Amendment violations by Detective Ashley, that were in artfully slipped into Plaintiff's Response to Defendant's Motion for Summary Judgment, this case does not implicate the First Amendment, nor were any First Amendment allegations originally pled in Plaintiff's Complaint for Damages.

As for the newly inserted First Amendment claim, Detective Ashley did not act on the basis of Plaintiff's speech or association, but rather arrested the Plaintiff as a result of her obstructive behavior during the course of his investigation.

Moreover, probable cause to arrest bars a First Amendment claim. See Dahl v. Holley, 312 F.3d 1228, 1236 (11th Cir.2002) (affirming summary judgment on retaliatory arrest claim in violation of plaintiff's First Amendment rights and stating that "[w]hatever the officers' motivation, however, the existence of probable cause ... defeats her ... claim"); Redd v. City of Enterprise, 140 F.3d 1378, 1383 (11th Cir.1998) ("Because we hold that the officers had arguable probable cause to arrest [the plaintiff] for disorderly conduct, we must hold that the officers are also entitled to qualified immunity from the plaintiffs' First Amendment claims.") Probable cause existed for Plaintiff's arrest as a result of the obstructive behavior she demonstrated during the course of Detective Ashley's investigation and even a quote from Martin Luther King, Jr. does not just justify her behavior, which untimely led to her arrest.

3

### B. PLAINTIFF FAILS TO IDENTIFY ANY AUTHORITY SHOWING A VIOLATION OF CLEARLY ESTABLISHED LAW

If there is a controlling case that told Detective Ashley that his conduct was plainly illegal, Plaintiff has not met her burden to identify it. Defendant respectfully submits that there is no such case, entitling Detective Ashley to qualified immunity on Plaintiff's claims. See Chaney v. City of Orlando, FL, 291 Fed.Appx. 238, 244 (11th Cir. 2008) ("There was no evidence ... indicating that [officer's] conduct of physically grabbing [motorist], pulling him out of his car, throwing him to the pavement, handcuffing him, using his Taser on [motorist's] back, or putting his foot on [motorist's] head was so obviously wrong that he would have known that it was unlawful and [motorist] has cited no case law that would have provided [officer] with such notice.").

## II. OFFICIAL IMMUNITY BARS PLAINTIFF'S STATE LAW CLAIMS AGAINST DETECTIVE ASHLEY

Plaintiff does not contest that Detective Ashley is entitled to official immunity, but Plaintiff asserts without elaboration that O.C.G.A. § 51-7-1 et. seq., in support of her false arrest and/or false imprisonment claim. (Complaint ¶¶34 & 38) The cited authority does not deal with official immunity, and Plaintiff's failure to contest Detective Ashley's immunity defense should mandate summary judgment on the false arrest and/or false imprisonment claim. See

Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995). In sum, Detective Ashley undertook the discretionary function of arresting the Plaintiff, without any showing of malice. Therefore, official immunity entitles Detective Ashley to summary judgment.

## CONCLUSION

For the forgoing reasons, and for the reasons discussed in his initial brief, Defendant shows that there are no material issues of fact for a jury to decide, and the doctrines and defenses discussed above mandate summary judgment. Therefore, Defendant respectfully requests the Court dismiss all claims against him and enter final judgment under rule 54(b).

Respectfully submitted this 4th day of April, 2011.

SHIVERS & ASSOCIATES

/S/   KENDRICK K. MCWILLIAMS
**KENDRICK K. MCWILLIAMS**
Georgia Bar No. 140983
Attorney for Defendant
Detective Timothy R. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Tel.: 678-317-7104
Fax: 678-317-8917
kmcwilli@travelers.com

## CERTIFICATION

Pursuant to N.D. Ga. LR 7.1D, I certify that this Brief has been prepared using Book Antigua, 13 point, as approved by this Court in LR 5.1.

IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| DRUPATTY JAIPERSAUD, | CIVIL ACTION FILE NO. |
|---|---|
| Plaintiff, | |
| vs. | NO. 1:10-CV-0455-SCJ |
| TIMOTHY R. ASHLEY, in his individual capacity, | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served **DEFENDANT TIMOTHY R. ASHLEY'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** upon all parties, by electronic filing through the CM/ECF system

Albert Wan
Attorney at Law
1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, Georgia 30361
albert@albertwanlaw.com

This 4th day of April, 2011.

*[Signature on the following page]*

SHIVERS & ASSOCIATES

S/    Kendrick K. McWilliams
**KENDRICK K. MCWILLIAMS**
Georgia Bar No. 140983
Attorney for Defendant
Detective Timothy R. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Tel.: 678-317-7104
Fax: 678-317-8919
kmcwilli@travelers.com