IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.  10-CV-455-SCJ |
| ) | |
| v. ) | |
| ) | |
| TIMOTHY R. ASHLEY, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF DRUPATTY JAIPERSAUD'S FIRST
REQUEST TO CHARGE THE JURY**

**COMES NOW,** Plaintiff Drupatty Jaipersaud and files her First Request to Charge the Jury.  Per the Court's instructions, Plaintiff submits each charge on a separate page and has separately forwarded a copy of Plaintiff's charges in electronic form (MS Word 2003 or later) to the Court.

Respectfully submitted,

*s/ Albert Wan, Esq.*          *s/William J. Atkins, Esq.*
Albert Wan                          William J. Atkins
albert@albertwanlaw.com     bill@atkinsfife.com

**Albert Wan, Attorney at Law**    **ATKINS & FIFE, LLC**
1201 Peachtree Street NE           6400 Powers Ferry Road, Suite 355
400 Colony Square, Suite 200    Atlanta, Georgia 30339
Atlanta, Georgia 30361              Tel. 404.969.4130
(404) 872-7760 – Tel.                 www.atkinsfife.com

**PLAINTIFF'S REQUEST TO CHARGE  1**
**Consideration Of The Evidence, Duty To Follow Instructions,**
**Government Agency Involved.**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. [*The Plaintiff has brought a claim against Timothy R. Ashley, in his individual capacity, arising from actions he took in his capacity as a law enforcement officer employed by the City of Lawrenceville Police Department. The fact that the Defendant was employed by a governmental entity or agency must not affect your decision in any way. An employee of a governmental agency, just like any other person, stands equal before the law and must be dealt with as equals in a court of justice.*] ~~When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency~~

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make

deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**AUTHORITY**:

ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS, Charge 2.3: Consideration Of The Evidence Duty To Follow Instructions Governmental Entity Or Agency Involved *(edited to conform to the expected evidence at trial)*.

## PLAINTIFF'S REQUEST TO CHARGE  2
### (Credibility of Witnesses)

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

**<u>Authority</u>**:

**<u>Eleventh Circuit Pattern Jury Instructions</u>,** Charge 3: Credibility Of Witnesses

## PLAINTIFF'S REQUEST TO CHARGE <u>3</u>
### (Impeachment Of Witnesses, Inconsistent Statement)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

<u>**AUTHORITY**</u>:

<u>**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**</u>,  Charge 4.1: Impeachment of Witnesses, Inconsistent Statement.

## PLAINTIFF'S REQUEST TO CHARGE <u>4</u>
### (Burden Of Proof, When Only Plaintiff Has Burden Of Proof)

*[In this case, you should only concern yourself with whether the Plaintiff has met her burden of proof as to damages under the law; you should not consider the question of liability as that issue has been previously determined by the Court.]* ~~In this case it is the responsibility of the Plaintiff to prove every essential part of~~ *[The Plaintiff must meet her burden of proof as to damages under the law]* by a "preponderance of the evidence." ~~This is sometimes called the "burden of proof" or the "burden of persuasion.~~ A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.  In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.  If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

<u>**AUTHORITY**</u>:

<u>**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS**</u>**,**  Charge 6.1: Burden Of Proof, When Only Plaintiff Has Burden Of Proof *(Amended To Conform To the Evidence)*

<u>Drupatty Jaipersaud v. Timothy Ashley</u>
Civil Action File No. 10-CV-455-SCJ
*Plaintiff's First Request To Charge The Jury*
Page 6 of 6

**PLAINTIFF'S REQUEST TO CHARGE 5**
**(Duty To Deliberate When Only The Plaintiff Claims Damages)**

~~Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.~~

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.  It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with. Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY**:

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS,** Charge 7.1:  Duty To Deliberate When Only The Plaintiff Claims Damages

Drupatty Jaipersaud v. Timothy Ashley
Civil Action File No. 10-CV-455-SCJ
*Plaintiff's First Request To Charge The Jury*
Page 7 of 7

## PLAINTIFF'S REQUEST TO CHARGE 6
### (False Arrest – 4th Amendment)

The Plaintiff claimed that the Defendant violated the Fourth Amendment to the United States Constitution when he arrested her on September 24, 2010. The Fourth Amendment reads:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

In this case, the Court has ruled that the Defendant violated Plaintiff's Fourth Amendment rights by seizing, arresting and detaining her without probable cause; therefore, your deliberations will be limited to consideration of the last element of Plaintiff's claim – the amount of monetary damages, if any, she is entitled to recover from the Defendant.

<u>AUTHORITY</u>:

U.S. CONST., AMENDMENT IV

**PLAINTIFF'S REQUEST TO CHARGE 7**
**(42 U.S.C. § 1983 – Acting Under Color of State Law (where uncontested))**

In this case, the Plaintiff claims that the Defendant, while acting "under color" of state law, intentionally deprived the Plaintiff of her rights under the Constitution of the United States.  "Acting under color of law" simply means acting in one's capacity as a law enforcement officer.  There is no dispute that the Defendant was acting under color of law as a sworn police officer employed by the City of Lawrenceville Police Department.

AUTHORITY:

POLICE MISCONDUCT, LAW AND LITIGATION, 3RD ED., Avery et al, §12:4:  General Instructions – Color of law (where uncontested), p. 577.

Monroe v. Pape, 365 U.S. 167 (1961).

## REQUEST TO CHARGE <u>8</u>
### (False Arrest & Compensatory Damages)

In this case the Plaintiff claims that the Defendant, while acting "under color" of state law, intentionally deprived the Plaintiff of her rights under the Constitution of the United States.  Specifically, the Plaintiff claims that while the Defendant was acting under color of state law as an officer of the Police Department of the City of Lawrenceville he intentionally violated the Plaintiff's constitutional right not to be arrested or seized without probable cause.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be seized or arrested without probable cause. The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:  <u>First</u>: That the Defendants intentionally committed acts that violated the Plaintiff's federal constitutional

right not to be arrested or seized without probable cause; <u>Second</u>: That in so doing the Defendant acted "under color" of state law; and  <u>Third</u>: That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

[*In this case, the Court has determined as a matter of law that the Plaintiff has proven the first and second elements of her claim against the Defendant; namely, that Defendant arrested Plaintiff without probable cause and therefore violated the Fourth Amendment's prohibition against unreasonable searches and seizures, and that the Defendant did so "under color" of state law.*]

[*Therefore, the sole issue that remains for your determination is whether the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.*] For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no

less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.  On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury - - tangible and intangible.  Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

1. The loss of past earnings and the impairment of future earning capacity;
2. Other out-of-pocket loss and monetary harms;
3. Impairment to reputation and personal humiliation;
4. The reasonable expense of legal services required and received by the Plaintiff to defend and clear herself in the underlying criminal prosecution;
5. The physical harm to Plaintiff during the time the Plaintiff was under arrest and subject to prosecution, including ill health, physical pain, or discomfort; and
6. The emotional and mental harm to the plaintiff during and after imprisonment, including fear, humiliation, and mental anguish, and any

emotional harm, fear, or mental anguish that the plaintiff will, with reasonable certainty, suffer in the future.

**AUTHORITY**:

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS,** Charge 2.2 (*Amended to Conform to the Evidence*)

*Wright v. Sheppard*, 919 F.2d 665 (11th Cir. 1990)

# REQUEST TO CHARGE <u>9</u>
### (Compensatory Damages)

You must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages it to make the Plaintiff whole – that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered. Compensatory damages are not limited to expenses that the Plaintiff may have incurred. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

<u>**Authority**</u>:

<u>Police Misconduct, Law and Litigation, 3rd Ed.</u>, Avery et al, §12:45: Damages – Compensatory Damages, p. 595.

*Slicker v. Jackson*, 215 F.3d 1225, 1230 (11th Cir. 2000).

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986).

*Wright v. Sheppard*, 919 F.2d 665 (11th Cir. 1990)

# REQUEST TO CHARGE 10
### (Punitive Damages)

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages. The purpose of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to

you, but should not reflect bias, prejudice, or sympathy toward either/any party.

In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**AUTHORITY**:

**ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS,** Charge 2.2 (punitive damages section only).

*State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003)

*Pacific Mut. Life Ins. Co. v. Haslip*, 509 U.S. 443 (1993)

*Smith v. Wade*, 461 U.S. 30 (1983)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the attached with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Kendrick K. McWilliams, Esq.
Attorney for Defendants
Shivers & Associates
Caller Service No. 1808
Alpharetta, GA 30023-1808
678-317-7104 – Tel.
678-317-8917 – Fax
kmcwilli@travelers.com – Email

Bill Atkins, Esq.
Attorney for Plaintiff
Atkins & Fife, LLC
6400 Powers Ferry Road, Suite 355
Atlanta, Georgia 30339
(404) 969-4130 – Tel.
bill@atkins-law.com

This 24th day of July 2012.

/s/ Albert Wan
Georgia Bar No. 334224
Attorney for Plaintiff

1201 Peachtree Street
400 Colony Square, Suite 200
Atlanta, GA 30361
404-872-7760 – Tel.
404-872-7764 – Fax
albert@albertwanlaw.com – Email