UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>TIMOTHY R. ASHLEY,<br><br>　　　Defendant. | CIVIL ACTION<br>No. 1:10-cv-0455-SCJ |

**O R D E R**

This matter is before the Court on Plaintiff's motions in limine [Doc. Nos. 75 and 76].

First, Plaintiff also seeks to exclude evidence of her involvement in previous legal actions [Doc. No. 76]. Plaintiff states that she has been party to four other legal proceedings to date. None of these legal proceedings have any bearing on the question before the jury in this case and, as such, are irrelevant to the case at hand. Accordingly, Defendant may not introduce evidence of Plaintiff's prior legal claims.

Second, Plaintiff seeks to preclude Defendant from introducing evidence or argument related to an August 2008 confrontation between Plaintiff and Nadine and Mariah Brooks ("Brooks incident") [Doc. No. 75]. Plaintiff contends Defendant should be barred from introducing any evidence or argument related to the Brooks incident, under Rule 404(a) and (b), Rule 802, and Rule 402 or Rule 403 of the Federal

Rules of Evidence, as the evidence is inadmissible character evidence, is hearsay, and bears no relevance to the issue before the jury.

Defendant concedes that the evidence sought to be precluded is of "arguable relevance to the incident before the court" [Doc. No. 82, 1], and he offers no explanation of why he should be allowed to present any evidence or argument related to the Brooks incident before the jury.  Following due consideration of the parties' argument and the joint pretrial order, the Court concludes that evidence of or argument related to the Brooks incident bears no relevance to the sole issue before the jury—the amount of damages, if any, Plaintiff is due.

Third, Plaintiff requests that the Court exclude the testimony of and incident reports by officers of the Lawrenceville Police Department concerning prior disputes between Plaintiff and customers of the convenience store.  Plaintiff argues that testimony and incident reports of such prior incidences are inadmissible hearsay, under Rule 802, to the extent the testimony and incident reports are based on what the police officers were told by others rather than on their first hand knowledge. Specifically, Plaintiff seeks to exclude Defendant's Exhibit Nos. 4 and 5 (incident reports from 7/20/2008 and 8/22/2008) as well as evidence consisting of the narratives prepared by Defendant and Officer Ron Cone regarding Plaintiff's

September 24, 2008 arrest and the testimony of other responding officers as it relates to prior disputes between Plaintiff and her customers.

Defendant may not introduce the July 20, 2008 and August 22, 2008 incident reports into evidence. The reports concern incidences (i.e. the Brooks incident) that have no relevance to the question before the jury and therefore are inadmissible. Additionally, while the reports themselves may be admissible under the business records exception to the hearsay rule, "[s]tatements in police reports made by individuals other than the reporting officer . . . constitute hearsay upon hearsay, and are therefore inadmissible." *United States v. Walthour*, 202 F. App'x 376, 371 (11th Cir. 2006); *Farmer v. Hyers-Norris*, No. CV505-18, 2008 WL 313949 (S.D. Ga. Feb. 1, 2008) (concluding that the police report at issue fell within the business records exception and that only those portions of the report that were based the officer's own observations and knowledge were non-hearsay and therefore admissible).

Defendant also may not introduce evidence consisting of the narratives prepared by Defendant and Officer Ron Cone regarding Plaintiff's arrest and the testimony of other responding officers, to the extent the narratives and the testimony relates to prior disputes between Plaintiff and her customers. Plaintiff contends, and Defendant does not rebut, that the narratives and testimony regarding prior incidences are inadmissible hearsay as they are based on what the officers were told

by others, either the complainants or other officers who obtained had their information from the complainants, rather than their own first hand knowledge. The testimony or narratives of police officers may not be used as a conduit for introducing inadmissible hearsay. Accordingly, Defendant may not rely on the narratives of Defendant and Officer Cone or the testimony of any of the other officer who reported to the scene on September 24, 2008, to the extent the narratives or testimony concerns prior incidences involving Plaintiff. Officer Cone and the other responding officers may only testify regarding their first hand knowledge of the September 24th incident to the extent their testimony is relevant to the issue of damages.

Lastly, as additional clarification in view of the pretrial conference, the Court notes that the issue of Defendant's liability on Plaintiff's claim under 42 U.S.C. § 1983 will not be tried by the jury. Defendant's liability was established by the force of the Court's order granting Plaintiff's motion for summary judgment on that issue. As a result, it is deemed established that Defendant had no actual or arguable probable cause for arresting Plaintiff. Plaintiff's state law claims against Defendant will also not be tried by the jury as the Court granted summary judgment in favor of Defendant on those claims. Thus, the sole issue before the jury will be the determination of the amount of monetary damages, if any, Defendant owes Plaintiff.

-5-

For the above stated reasons, Plaintiff's motions in limine [Doc. Nos. 75 and 76] are **GRANTED**.

**SO ORDERED**, this 25th day of July, 2012.

                                        s/Steve C. Jones
                                        STEVE C. JONES
                                        United States District Judge