# IN THE UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| vs. | NO. 1:10-CV-0455-SCJ |
| TIMOTHY R. ASHLEY, in his individual capacity, | |
| Defendant. | |

## DEFENDANT TIMOTHY ASHLEY'S
## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against the named defendants upon which relief may be granted and should in all things be dismissed.

### SECOND DEFENSE

Qualified immunity protects Defendants from liability as to all federal law claims against them, because at all times relevant hereto, Detective Ashley was acting within his discretionary authority as a law enforcement officer and he did not violate clearly established law.

### THIRD DEFENSE

Official immunity protects Detective Ashley in his individual capacity from any and all state law claims because, at all times relevant hereto, he was

acting within his discretionary authority as a law enforcement officer, and performing discretionary acts, without malice or intent to injure.

## FOURTH DEFENSE

Defendants deny that any act or omission on their part caused injury or damage to plaintiff.

## FIFTH DEFENSE

The negligence of the Plaintiff with respect to the occurrence at issue in this action was equal to or exceeded that alleged against Defendants, any negligence of Defendants being specifically denied.

## SIXTH DEFENSE

Defendants have breached no duty owed to Plaintiff.

## SEVENTH DEFENSE

No act or omission of these Defendants proximately caused the occurrence at issue in this action or any damages alleged by the Plaintiff. Plaintiff's alleged injuries and damages were directly and proximately caused by her own criminal conduct, contributory and comparative negligence and her failure to exercise ordinary care.

## EIGHTH DEFENSE

The Plaintiff is not entitled to recover punitive damages of Defendants.

## NINTH DEFENSE

The allegations set forth in this Complaint do not rise to the level of a constitutional deprivation under color of state law and therefore do not support a claim for relief under 42 U.S.C. § 1983.

## TENTH DEFENSE

Defendant's actions were legally authorized and privileged under Georgia law.

## ELEVENTH DEFENSE

Defendant re-pleads all defenses asserted in his Answer filed on April 19, 2010 [Doc. 5]. Without waiving any defense at law or in equity, Defendant responds to the numbered paragraphs of Plaintiff's Amended Complaint as follows:

1.

Defendant can neither admit nor deny the allegation contained in ¶ 1 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same. To the extent the allegations contained within ¶ 1 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief

3

requested, such inference is denied.

2.

Defendant denies the allegations contained in ¶2 of Plaintiff's Complaint.

3.

Defendant can neither admit nor deny the allegation contained in ¶ 3 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same. To the extent the allegations contained within ¶ 3 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

4.

Admitted.

5.

Defendant can neither admit nor deny the allegation contained in ¶ 5 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same. To the extent the allegations contained within ¶ 5 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

6.

Defendant can neither admit nor deny the allegation contained in ¶ 6 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same.  To the extent the allegations contained within ¶ 6 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

7.

Defendant can neither admit nor deny the allegation contained in ¶ 7 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same.  To the extent the allegations contained within ¶ 7 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

8.

Defendant can neither admit nor deny the allegation contained in ¶ 8 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same.  To the extent the allegations contained within ¶ 8 of Plaintiff's Complaint raises an inference that

the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

9.

Defendant can neither admit nor deny the allegation contained in ¶ 9 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same.  To the extent the allegations contained within ¶ 9 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

10.

Defendant can neither admit nor deny the allegation contained in ¶ 10 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same.  To the extent the allegations contained within ¶ 10 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

11.

Defendant admits that Defendant Ashley was dispatched to the scene and interviewed the customers and the store owner.

12.

Defendant admits he and other officers entered Plaintiff's store in furtherance of their investigation. Defendant denies the remaining allegations contained in ¶12 of Plaintiff's Complaint.

13.

Denied.

14.

Defendant denies that the Plaintiff insisted the surveillance video would show that she was telling the truth. Defendant admits that they were provided the operating manual for the video machine. Defendant can neither admit nor deny the remaining allegations contained in ¶ 14 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same. To the extent the allegations contained within ¶ 14 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

15.

Denied.

16.

Defendant can neither admit nor deny the allegation contained in ¶ 16 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same.  To the extent the allegations contained within ¶ 16 of Plaintiff's Complaint raises an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

17.

Defendant can neither admit nor deny the allegation contained in ¶ 17 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of same.  To the extent the allegations contained within ¶ 17 of Plaintiff's Complaint raise an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

18.

Defendant admits only that Plaintiff was arrested for Disorderly Conduct. Defendant denies the remainder of the allegations contained in ¶18 of Plaintiff's Complaint as pled.

19.

Defendant admits Defendant Ashley prepared a citation for Plaintiff's arrest and cited Plaintiff for violation of the City Lawrenceville ordinance 31-101.

20.

Defendant admits Defendant Ashley was carrying his service revolver on his person at the time of the arrest. Defendant can neither admit nor deny the remaining allegations contained in ¶ 19 of Plaintiff's Complaint for want of sufficient information to form a belief as to the truth thereof, and places Plaintiff upon strict proof of same. To the extent the allegations contained within ¶ 19 of Plaintiff's Complaint raise an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Defendant is without sufficient knowledge at this time to either admit or deny the allegations contained in ¶ 25 of Plaintiff's Complaint. To the extent that the allegations contained in ¶ 25 of Plaintiff's Complaint raise an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

26.

Defendant is without sufficient knowledge to either admit or deny the allegations contained in ¶ 26 of Plaintiff's Complaint. To the extent the allegations contained in ¶ 26 of Plaintiff's Complaint raise an inference that the Defendant acted negligently or that Plaintiff is entitled to any relief requested, such inference is denied.

27.

Denied.

28.

[There were no allegations assigned to ¶28 contained in Plaintiff's Amended Complaint]

29.

Denied.

30.

Defendant hereby incorporate by reference their responses set forth in Paragraphs 1 through 29, above.

31.

Denied.

32.

Defendant hereby incorporate by reference their responses set forth in Paragraphs 1 through 31, above.

33.

Denied.

34.

Denied.

35.

Defendant hereby incorporate by reference their responses set forth in Paragraphs 1 through 34, above.

36.

Denied.

37.

Denied.

38.

Defendant admits the Plaintiff was detained in the Gwinnett County jail following her arrest. Defendant denies the remaining allegations contained in ¶ 38 of Plaintiff's Complaint.

39.

All other allegations and inferences contained elsewhere in Plaintiff's Complaint not expressly admitted are denied.

40.

Defendant denies the allegations contained in the "Wherefore" clause of Plaintiff's Complaint and denies that the Plaintiff is entitled to any relief requested therein.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendant prays that:

(a) Plaintiff's Amended Complaint be dismissed;

(b) judgment be entered in his favor;

(b) all costs be taxed against the Plaintiff;

(c) Defendant have any and all other relief the Court may deem just and

proper.

## JURY DEMAND

Defendant demands a trial by jury.

This 30th day of July, 2012.

       **LARRY G. COBB & ASSOCIATES**

       **/S/ KENDRICK K. MCWILLIAMS**
       **KENDRICK K. MCWILLIAMS**
       Georgia Bar No. 140983
       Attorney for Defendant
       Timothy R. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Tel.: 678-317-7104
Fax: 678-317-8917
kmcwilli@travelers.com

## CERTIFICATION

Pursuant to N.D. Ga. LR 7.1D, I certify that this Brief has been prepared using Book Antigua, 13 point, as approved by this Court in LR 5.1.

Submitted this 30th day of July, 2012.

**LARRY G. COBB & ASSOCIATES**

**/S/    KENDRICK K. MCWILLIAMS**
**KENDRICK K. MCWILLIAMS**
Georgia Bar No.  140983
Attorney for Defendant
Timothy R. Ashley

Caller Service No. 1808
Alpharetta, GA  30023-1808
Tel.: 678-317-7104
Fax: 678-317-8917
kmcwilli@travelers.com

# IN THE UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>    Plaintiff,<br>vs.<br><br>LAWRENCEVILLE POLICE DEPARTMENT and DETECTIVE T. ASHLEY, as an Individual,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>NO. 1:10-CV-0455 |

## CERTIFICATE OF SERVICE

I hereby certify that I have served the **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR DEFENDANT TIMOTHY R. ASHLEY** upon all parties, by electronic filing through the CM/ECF system in accordance with the United States District Court rules to:

Albert Wan
Attorney at Law
1201 Peachtree Street NE
400 Colony Square, Suite 200
Atlanta, Georgia 30361
albert@albertwanlaw.com

Bill Atkins, Esq.
Atkins & Fife, LLC
6400 Powers Ferry Road, Suite 355
Atlanta, Georgia 30339
(404) 969-4130 – Tel.
bill@atkins-law.com

**SIGNATURE ON NEXT PAGE**

15

This 30th day of July, 2012.

        **LARRY G. COBB & ASSOCIATES**

        **/S/    KENDRICK K. MCWILLIAMS**
        **KENDRICK K. MCWILLIAMS**
        Georgia Bar No. 140983
        Attorney for Defendant
        Timothy R. Ashley

Caller Service No. 1808
Alpharetta, GA 30023-1808
Tel.: 678-317-7104
Fax: 678-317-8917
kmcwilli@travelers.com