# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD, | |
|     Plaintiff, | CIVIL ACTION |
| | No. 1:10-cv-0455-SCJ |
|     v. | |
| TIMOTHY R. ASHLEY, | |
|     Defendant. | |

## **O R D E R**

The following thirteen pages constitute the final charge of the Court given during the jury trial of the above-referenced case and the last two pages constitute the jury verdict forms given during the jury trial.

**SO ORDERED**, this 3rd day of August, 2012.

                                        s/Steve C. Jones
                                        STEVE C. JONES
                                        United States District Judge

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the jury room and begin your discussions—what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claimed damages by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

In this case, you should only concern yourself with whether the Plaintiff has met her burden of proof as to damages under the law; you should not consider the question of liability as that issue has been previously determined by the Court. The Plaintiff must meet her burden of proof as to damages under the law by a preponderance of the evidence. A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claimed damages are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claimed damages by a preponderance of the evidence, you should find for the Defendant as to that claim.

In this case the Plaintiff claims that the Defendant, while acting "under color" of state law, intentionally deprived the Plaintiff of her rights under the Constitution of the United States. Specifically, the Plaintiff claims that while the Defendant was acting under color of state law as an officer of the Police Department of the City of Lawrenceville he intentionally violated the Plaintiff's constitutional right not to be arrested or seized without probable cause.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be seized or arrested without probable cause. The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence: First: That the Defendants intentionally committed acts that violated the Plaintiff's federal constitutional right not to be arrested or seized without probable cause; Second: That in so doing the Defendant acted "under color" of state law; and Third: That the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff.

In this case, the Court has determined as a matter of law that the Plaintiff has proven the first and second elements of her claim against the Defendant; namely, that Defendant arrested Plaintiff without probable cause and therefore violated the

Fourth Amendment's prohibition against unreasonable searches and seizures, and that the Defendant did so "under color" of state law.

Therefore, the sole issue that remains for your determination is whether the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury— tangible and intangible. Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the

evidence.

You should consider the following element of damage, to the extent you find it proved by a preponderance of the evidence and no others: Emotional pain and mental anguish.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and <u>for only that conduct</u>. For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions he took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Those are your instructions. You will now go to the jury room, but do not begin your deliberations until you receive the exhibits and I tell you that you are allowed to begin your deliberations.

You have decided to award punitive damages. Next, you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial.

You should also bear in mind that the Plaintiff's injury has been made whole by your award of compensatory damages. The sole purpose of punitive damages is to punish, penalize, or deter the Defendant, and the amount you award should reflect that purpose only. The measure of such damages is your enlightened conscience as an impartial jury.

In considering the amount of punitive damages. You may consider the following factors:

1. The nature and reprehensibility of the Defendant's conduct;
2. the intent of the Defendant in committing the wrong.

Any award you make should be both reasonable and just in light of your previous award of damage, the conduct and circumstances of the Defendant, and the purpose of punitive damages. Your verdict should be a true verdict based upon your opinion of the evidence according to the laws given you in this charge. You are not to show your favor or sympathy to one party or the other. It is you duty to consider the facts objectively without favor, affection, or sympathy to either party.

Any verdict you reach in the jury room must be unanimous. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you

can do so. Each of you must decide the case for yourself, but only after full consideration fo the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY R. ASHLEY,<br><br>    Defendant. | CIVIL ACTION<br><br>No. 1:10-cv-0455-SCJ |

## JURY VERDICT

### DAMAGES

Plaintiff should be awarded damages against Defendant Timothy Ashley in the amount of $_____.

The Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights and punitive damages should be assessed against the Defendant.

Answer (Yes or No): _____

**SO SAY WE ALL.**

_____
**Foreperson**

**DATED:** _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY R. ASHLEY,<br><br>    Defendant. | CIVIL ACTION<br>No. 1:10-cv-0455-SCJ |

## JURY VERDICT

## DAMAGES

Plaintiff should be awarded punitive damages against Defendant Timothy Ashley in the amount of $_____.

    **SO SAY WE ALL.**

                                            _____
                                            **Foreperson**

                                            **DATED:** _____