IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DRUPATTY JAIPERSAUD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION FILE ) No: 1:10-CV-455-SCJ |
| TIMOTHY ASHLEY, | ) ) |
| Defendant. | ) ) |

**AFFIDAVIT OF GERALD WEBER**

Personally appeared before the undersigned officer duly authorized to administer oaths, GERALD WEBER, who, after being duly sworn, deposes and says as follows:

1. My name is Gerald Weber. I am legally competent to make this affidavit and have personal knowledge of the facts set forth herein.

2. **Attorney's Experience and Qualifications:**

    A. <u>Schooling.</u> In 1989, I graduated from the University of Georgia School of Law. In law school, I placed first in my graduating class and graduated *summa cum laude*. I served as the Symposium Editor for the *Georgia Law Review*, was a member of the Order of Coif, participated in various clinical programs involving public interest litigation, and worked during the summers for then Georgia State Court Judge Thelma Wyatt Cummings and the law firm of

Dow, Lohnes and Albertson assisting in Constitutional litigation.

B.  Previous Employment.  Upon graduation in 1989, I became a law clerk for the Honorable Chief Judge Carolyn Dineen King of the United States Court of Appeals for the Fifth Circuit.  Then, upon completion of my year with Judge King, I began working for the law firm of Dow, Lohnes and Albertson in its Atlanta, Georgia office.  My focus was constitutional litigation and open records cases for media clients.

In 1991, I became Legal Director of the American Civil Liberties Union of Georgia (ACLU).  In seventeen years at the ACLU, I have served as lead counsel in numerous cases in state and federal court, including the Eleventh Circuit and Georgia Supreme Court, involving significant Constitutional issues.

C.  Current Employment.

I am  Senior Counsel at the Southern Center for Human Rights and a member of the organization's Impact Litigation Unit where I focus on class action litigation around indigent defense and other criminal justice reform.

I am also the partner in the Law Offices of Gerry Weber, LLC where I focus on a variety of constitutional litigation issues.  My website http://www.constitutional-litigation.com has additional information including cases litigated in my career.

I also serve as an Adjunct Professor in Constitutional Litigation at Emory

School of Law, as an Adjunct Professor at Georgia State University School of Law in First Amendment and Media Law. I am a frequent lecturer at other law schools and at continuing legal education programs including the annual State Bar Conference, Bar/Media Conference, and Section 1983 Seminar. Within the State Bar of Georgia, I was elected to served as Chairperson of the Individual Rights Section and was appointed to serve as Chair of the State Bar's Access to Justice Committee. I also serve on the Board of Directors of the Georgia First Amendment Foundation, and was a Barrister of the Joseph Henry Lumpkin Inn of Court. See also Twenty-One Young Lawyers Leading Us Into The 21st Century: Gerry Weber, 22 *American Bar Association Barrister Magazine* 27 (Summer 1995); Top Forty Georgian's Under Forty: Gerry Weber, *Georgia Trend Magazine* (Oct. 1997); Taking on Goliath: Profile Gerry Weber, *Atlanta Business Chronicle* (June 2001).

3.   I frequently handle cases of similar complexity as the instant case, and consistently been awarded hourly rates and hours requested in this district. I have dozens of fee awards and settlements, with most federal and state courts awarding me my full hourly rate and 90% or more of the hours charged.

4.   I have had occasion to review the affidavits and itemized billing statements for fees and expenses submitted by lawyers in connection with civil rights litigation involving claims for the recovery of legal fees and expenses

and have lectured on such billing practices in continuing legal education seminars. Based upon my practice experience, my bar activities and my personal knowledge of the billing and collection rates and practices of my firm and a number of other law firms, I am personally familiar with the hourly billing and collection rates of lawyers in the area of police practices litigation. I am also personally familiar with the billing practices and rates of lawyers who practice in the civil rights field generally. It is my experience and opinion that the hourly rates currently being billed and collected under similar circumstances in cases demanding comparable legal services and presenting complexity comparable to the instant case fall within the following ranges:

| Level of Lawyer's Experience | Range of Hourly Rates |
| --- | --- |
| 0-2 years | $150 - $275 |
| 3-7 years | $250 - $350 |
| 8-15 years | $350 - $475 |
| 16-25 years | $400 - $550 |
| over 25 years | $450 - $700 |

In my opinion, the counsels' rates in this case fall well within the range of rates based solely on experience. I also have specific knowledge of the quality of the work of both counsel having litigated against Mr. Atkins and with Mr. Wan. I believe that their work justifies rates at the top end of experience categories. My

current hourly rate is between $475/hour. I currently bill hourly clients on civil rights matters at this rate, and I have been awarded fees at or near such rate consistently in this district.

5. I have reviewed the facts and circumstances of this case for the purpose of identifying the scope and nature of this litigation. I have also reviewed selected pleadings and the docket as well as billing statements to assess the complexity of this case. I have handled comparable cases.

6. Based upon my review of the time records in this case, my acquired knowledge of this case, my experience in litigating civil rights and police practices cases, and my experience with the billing practices in such cases; it is my opinion that the time expended was reasonable. The Plaintiff in this case received a substantial benefit from counsel's prior experience. This base of knowledge and experience contributed to achieve a more successful result in a smaller number of hours than would otherwise have been required.

7. I evaluate the hourly rates and hours in this matter against the background of the applicable standards for determination of a reasonable attorneys fee under 42 U.S.C. § 1988 and comparable fee shifting statutes. The information contained herein, I believe, establishes the reasonableness of the fees sought.

This the 20th day of August, 2012

_____
Gerald Weber, Esq.

Sworn and subscribed
before me this 20th day
of August, 2012.

_____
Notary Public
My commission expires: August 9, 2015