[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15149
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00455-SCJ


TIMOTHY R. ASHLEY,
in his individual capacity,

                                                                        Defendant-Appellant,

versus

DRUPATTY JAIPERSAUD,

                                                                        Plaintiff -Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 22, 2013)


Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Timothy Ashley appeals (1) the denial of his motion for summary judgment on qualified immunity, and (2) the granting of plaintiff Drupatty Jaipersaud's partial motion for summary judgment on the issue of liability. We affirm.[1]

Ashley, a police detective, arrested Jaipersaud at the gas station Jaipersaud owned and operated. Jaipersaud subsequently sued Ashley under 42 U.S.C. § 1983, alleging Ashley violated her Fourth Amendment rights by arresting her without probable cause. Ashley claimed qualified immunity and moved for summary judgment. In turn, Jaipersaud moved for partial summary judgment on the issue of liability.

The district court denied Ashley's motion and granted Jaipersaud's motion for partial summary judgment. Denying Ashley qualified immunity, the court reasoned that based on the undisputed facts Ashley had neither probable cause nor even arguable probable cause to arrest Jaipersaud for any offense. The court then awarded Jaipersaud partial summary judgment on the issue of liability. Consistent with its ruling on qualified immunity, the court concluded that the same undisputed facts showed Ashley did not have probable cause to arrest Jaipersaud, and thus her arrest was unconstitutional. After a trial on the question of damages, Ashley appealed.

---

[1] We review motions for summary judgment de novo. *Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir. 1990). In light of our disposition of this case, we deny Jaipersaud's motion to dismiss this appeal as moot.

On appeal, Ashley presents two challenges. First, he claims the district court erred in denying him qualified immunity. Second, he claims the district court erred in granting Jaipersaud partial summary judgment on the issue of liability. Neither claim is properly before this Court, however. *See, e.g.*, *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000).

As a threshold matter, Ashley did not sufficiently deny Jaipersaud's factual allegations in a responsive pleading, and has therefore admitted those facts. *See Sinclair Ref. Co. v. Howell*, 222 F.2d 637, 639 (5th Cir. 1955) (holding that, by failing expressly to deny an allegation, the defendant admitted that allegation).[2] Under Federal Rule Civil Procedure 8(b), parties "must . . . admit or deny the allegations asserted against it by an opposing party." *See* Fed. R. Civ. P. 8(b)(1). When, as here, a responsive pleading is required and an "allegation is not denied,"—*i.e.*, the party does not "fairly respond to the substance of the allegation"—such allegation "is admitted." *See* Fed. R. Civ. P. 8(b)(2) & (6); *see also Burlington N. R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996) ("By failing to submit an answer . . . denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.").

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

Ashley never filed an answer to Jaipersaud's amended complaint.[3] This was so even after the district court informed him of this omission, and even after the court and opposing counsel allowed him to file an answer out of time. Despite assuring the court and opposing counsel he would do so, Ashley still failed to file any document that satisfied Rule 8(b)'s requirements. *See, e.g.*, *Williams v. Calderon*, 52 F.3d 1465, 1483 (9th Cir. 1995) (noting that Rule 8(b) "require[s] fact-by-fact responses"). Accordingly, Ashley has admitted the veracity of Jaipersaud's factual allegations and is bound by those admissions on appeal. *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177–78 (11th Cir. 2009) (noting that parties are generally "bound by the admissions in [their] pleadings" and cannot contest such "judicially admitted" facts on appeal (internal quotation marks omitted)).

Moreover, Ashley did not sufficiently present his current legal arguments and theories to the district court. Regarding qualified immunity, Ashley asserts on appeal that he is immune from suit because he had arguable probable cause to arrest Jaipersaud. But Ashley's theory of qualified immunity in the district court focused on *actual* probable cause. *See, e.g.*, *Skop v. City of Atlanta*, 485 F.3d

---

[3] Although Ashley answered Jaipersaud's initial complaint, "an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007). Hence, because Ashley has not answered the operative pleading, he has failed to deny Jaipersaud's factual allegations. *See* Fed. R. Civ. P. 8(b); *see also Sinclair Ref. Co. v. Howell*, 222 F.2d 637, 639 (5th Cir. 1955).

1130, 1137–38 (11th Cir. 2007) (discussing the legal differences between *arguable* probable cause and *actual* probable cause).

By shifting his theory of qualified immunity from *actual* to *arguable* probable cause, Ashley impermissibly attempts to "argue a different case from the" one he "presented to the district court." *See Irving v. Mazda Motor Corp.*, 136 F.3d 764, 769 (11th Cir. 1998). The law is clear on such matters: "'theories not raised squarely in the district court cannot be surfaced for the first time on appeal.'" *Wood v. Milyard*, 132 S. Ct. 1826, 1832 (2012) (quoting *McCoy v. Mass. Inst. of Tech.*, 950 F.2d 13, 22 (1st Cir. 1991)). Since Ashley did not "specifically and clearly" articulate his current theory of qualified immunity to the district court,[4] we will not address its merits on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330–31 (11th Cir. 2004).

We similarly decline to address Ashley's challenge to liability. As with his qualified-immunity claim, Ashley's arguments on appeal differ materially from those he presented to the district court. Before the district court, Ashley contended he was not liable because he had probable cause to arrest Jaipersaud "as a result of the obstructive behavior she demonstrated during the course of [his] investigation." On appeal, however, Ashley contends he had probable cause before he even spoke

---

[4] Indeed, Ashley's motion for summary judgment mentioned arguable probable cause only in passing and without any reasoned elaboration. Such glancing, unsupported references, however, are not sufficient to preserve arguments on appeal. *See, e.g.*, *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1316 n.3 (11th Cir. 2013).

with Jaipersaud—that is, before she even had a chance to obstruct his investigation.

Once again, Ashley is arguing a different case from the one he presented to the district court. *See Irving*, 136 F.3d at 769. And even if this is not a jurisdictional bar to review, *see Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360 (11th Cir. 1984), Ashley's case does not implicate the "exceptional conditions" that justify review of newly raised issues, *see Access Now*, 385 F.3d at 1332–35 & n.4. Because Ashley did not squarely raise his current theory of probable cause in the district court, we decline to address its merits on appeal. *See FDIC v. Verex Assurance, Inc.*, 3 F.3d 391, 395 (11th Cir. 1993) ("[A]ppellate courts generally will not consider an issue or theory that was not raised in the district court.").

In sum, neither of Ashley's claims is properly before this Court. The district court's order denying Ashley's motion for summary judgment and granting Jaipersaud's motion for partial summary judgment is **AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

| | |
|---|---|
| John Ley<br>Clerk of Court | For rules and forms visit<br>www.ca11.uscourts.gov |

October 22, 2013

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-15149-AA
Case Style: Drupatty Jaipersuad v. Timothy Ashley
District Court Docket No: 1:10-cv-00455-SCJ

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Eleanor M. Dixon, AA at (404) 335-6172.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs